LANDRY, Judge.
Plaintiff, John P. Brashears, asserting record title to fractional Section 35 T. 6 S., R. 2 E., Livingston Parish, Louisiana, containing 3.32 acres of land, brought this action to establish the boundary between plaintiff’s said property and lands of defendant, Elgene Hood, alleged by plaintiff to be contiguous thereto on the north.
Defendant Hood answered plaintiff's demand setting forth record title to the following described property:
A certain lot or parcel of land, situated in Section 67 T 7 S R 2 E, Livingston Parish, Louisiana, containing approximately one acre and more fully described as follows, to-wit: commencing on the west side of the Old Baton Rouge-Hammond Highway at the point of intersection of the section line between Sections 1 & 67 T 7 S R 2 E, measure along said section line, which is also vendee’s present property line, N. 47 deg. 45 min. west a distance of 717 feet to a small creek, or stream, which runs parallel with the Amite River, for place of beginning, thence continuing along said section line, measure N. 47 deg. 45 min. W. to an old corner; thence N. 89 deg. 42 min. W. 216.1 feet to an iron pipe; thence S. 16 deg. 45 min. W. a distance of 104.5 feet to an iron pipe; thence measure S. 47 deg. 30 min. E. parallel to the Section line to the above mentioned creek, or stream; thence following the meanderings of said creek measure north back to the place of beginning, all as per survey by C. M. Moore, C. E. & Surveyor, dated July 4, 1942.
It being the intention of the vendor to convey that portion of land which he reserved in the act of sale from him to *90 John W. Christy recorded in COB 66 page 99; which portion of land adjoins vendee’s property and lies between the Amite River and vendee’s property which he acquired from John C. Christy by deed of record in COB 73 page 110, Livingston Parish Conveyance Records.
In addition to claiming ownership of the disputed property by virtue of record title thereto, defendant also plead acquisition thereof by prescription of 10, 20 and 30 years.
Although the lower court ordered a survey of the disputed boundary, upon trial on the merits the matter was considered to be in the nature of a petitory action or action to try title. The trial court rendered judgment rejecting plaintiff’s demands, sustaining defendant’s plea of 30 years prescription and recognizing defendant to be the owner of the property in controversy. From said adverse judgment plaintiff has taken this appeal.
A clearer understanding of the relative positions of the properties involved in this litigation will be afforded by pointing out that appellant instituted this action to fix the northern boundary of Sec. 35, T. 6 S., R. 2 E., whereas defendant-appellee resists the action by asserting record and prescriptive title to lands located in Section 67, T. 7 S., R. 2 E., which latter Section and Township lies to the south of the former.
From the recorded titles relied upon by the parties hereto it would appear that the property of defendant bounds that of plaintiff on the south. Such, however, is not the case for, as will hereinafter be shown, properties possessed by defendant between fences for over thirty years run diagonally from the highway to the Amite River traversing and cutting across the northern portion of Section 35. It is the souther-most of these two parallel fences which defendant claims should be established as the northern boundary of plaintiff’s property. The properties in question are what is known as Amite River bottom lands situated to the east of and adjacent or near said stream. In the general vicinity are located several fractional or irregular sections in both Townships 6 and 7, Range 2 East. Fractional Section 35, T. 6 S., R. 2 E., claimed by plaintiff lies generally west and north of fractional or irregular Sections 1 and 67, T. 7 S., R. 2 E. The section lines in Township 6 South, Range 2 East, run in an approximately true east-west direction considering their bearing to be North 89° 42/ W. On the other hand, the section lines of Sections 1 and 67, T. 7 S., R. 2 E., run in a generally northwest to southeast course having bearings of South 47° 45' E. The evidence clearly establishes that although defendant’s recorded title describes the property conveyed to be situated in Section 67, T. 7 S., R. 2 E., defendant and his authors in title have, nevertheless possessed as owners a strip of land extending from the Old Baton Rouge-Hammond Highway on the East between fences running approximately parallel to the section lines of Section 67 westerly to the Amite River, traversing and encroaching upon the upper or northern portion of Section 35 owned by plaintiff. As previously shown defendant maintains the lower or southernmost of these two fence lines should be fixed as the northern boundary of plaintiff’s lands under defendant’s plea of 30 years adverse possession.
Where no boundary has ever been fixed between owners of contiguous estates, either has a right to bring the action of boundary and it cannot be prescribed against. LSA-R.C.C. Articles 823 and 825.
Plaintiff having instituted this action to determine his northern boundary must join the owner of property contiguous to his on the north. Hutchinson v. Robinson, La.App., 59 So.2d 565; Bergeron v. Babin, 167 La. 833, 120 So. 384; Barrataria Land Co. v. Louisiana Meadows Co., 146 La. 999, 84 So. 334. It will be recalled that plaintiff herein expressly alleged in his petition that defendant owned lands adjoining those of plaintiff on the north, therefore, it is clear that plaintiff recognizes *91 ■defendant has some measure or degree of claim to lands contiguous to some portion of the northern extremity of Section 35. Except for defendant’s plea of prescription in which he specifically sets forth title to a portion of the upper or northern part of fractional Section 35, there would be no common boundary between these parties and plaintiff’s suit would be subject to dismissal for non-joinder of proper party defendant. In the instant case, however, plaintiff’s recognition of defendant’s ownership of contiguous lands and defendant’s plea of prescription (which if well founded would result in a common boundary between these parties) is sufficient to constitute a justiciable boundary dispute between the parties at bar notwithstanding defendant has no record title to properties adjoining those of plaintiff on the north. If defendant has in fact possessed the disputed portion of Section 35 adversely to plaintiff for a period of 30 years the boundaries between plaintiff and defendant may properly be fixed at said fence line in this proceeding. LSA-R.C.C. Article 852; Opdenwyer v. Brown, 155 La. 617, 99 So. 482; Sessum v. Hemperley, 233 La. 444, 96 So.2d 832; Mills v. Butler, La.App., 131 So.2d 262.
It appears that the meanderings of the Amite River have, to some extent, encroached upon fractional Section 35 owned by plaintiff with the result that the remaining portion thereof is less than the acreage shown on maps of record. That a portion thereof does in fact lie outside the confines of the river is clearly shown by the testimony of Clifford G. Webb, Surveyor, who testified as a witness herein. In this regard, his testimony indicates he found an old buggy axle marking the Northeast corner of Section 35 (the Northwest corner of fractional Section 36 which bounds Section 35 on the east). Webb measured the distance from this corner westerly along the northern boundary of Section 35 to the river’s bank and found that a portion of the northern part of Section 35 had in fact succumbed to the ravages of the river. He also found that the river had taken only a very small portion of Section 35 in the vicinity of its Southern boundary.
That defendant has fully substantiated his plea of thirty years prescription is clearly shown by the evidence of record.
Defendant’s witness, Jffilius W. Garig, 64 years of age, testified in substance that he was reared in the vicinity of the property in question. He clearly recalled that defendant’s authors in title possessed the property commencing with a date prior to World War I and between fences extending from the highway on the East to the Amite River on the West. Garig further testified that former owners “the Browns” erected the north fence and that he, Garig, had often fished from the banks of the property held by defendant.
A former owner, Julian Hays, testified he was in possession of the disputed property from 1934 until 1937 under a lease from "Doc” Robert Nettles, a prior owner, and subsequently purchased the property from Nettles in the year 1937. During his occupancy and ownership of the property Hays constructed a camp thereon. In addition he testified that the land was continuously under fences on the north and south extremities thereof. His testimony further shows that Nettles resided thereon during his ownership thereof.
Harold L. Pearce, Jr., testified he sold the property to Robert B. Nettles. Pearce stated that his possession thereof, between fences delineating the boundaries on the north and south, remained undisturbed from the date of his purchase from one John W. Noblett until the purchase of the property from him by Nettles.
Another former owner, John W. Noblett, 76 years of age, testified he purchased the property in 1925, took possession thereof, cultivated a portion thereof and rented a portion of the tract to a tenant for agricultural purposes. His testimony further shows the property was fenced at the time of his purchase; that the fences extended to the river; and that his possession thereof *92 was peaceful, undisturbed, open and unchallenged from the date of his acquisition until he sold the property.
The testimony of defendant shows that he has had undisturbed possession of the tract from the time of his purchase in 1953 from Julian Hay£. His testimony is un-contradicted to the effect he has possessed the land between the north and south fences both of which extend to and terminate in the Amite River on the west.
Defendant having successfully shown continuous, uninterrupted possession of the disputed property between visible boundaries, namely, the fences lying on the north and south thereof, is entitled to have the south fence line judicially declared to be the boundary separating defendant’s property on the north from that of plaintiff lying to the south thereof. Opdenwyer v. Brown, 155 La. 617, 99 So. 482; Sessum v. Hemperley, 233 La. 444, 96 So.2d 832; Mills v. Butler, La.App., 131 So.2d 262.
 The district court recognized not only defendant’s right to possession of the property to the south fence line but also decreed defendant to be the owner thereof. In so doing the court inadvertently granted relief beyond that prayed for by defendant and decided ownership of the subject property, an issue not before the court in a boundary action. Moreover, it appears that recognizing defendant’s title to property lying between the fences in question running from the highway to the River would recognize defendant as owner of a strip of land running diagonally across the western extremity of Section 36, T. 6 S., R. 2 E., which is owned by persons not parties to this litigation. The only issue between the parties to the present litigation is the common boundary between their properties lying in Section 35. Insofar as the judgment of the trial court recognizes defendant as owner, it must be amended. The trial court, however, correctly sustained defendant’s plea of thirty years prescription.
It only remains, therefore, to have the fence line along defendant’s southern boundary separating the property possessed by defendant in Section 35, T. 6 S., R. 2 E., Livingston Parish, from that of plaintiff situated in said same Section, Township and Range, declared the boundary between these contiguous owners, namely, the southern boundary of defendant and the northern boundary of plaintiff and, as such, properly surveyed and permanently fixed.
Plaintiff-appellant, having instituted this boundary action without affording defendant an opportunity to accept or reject a proposal to amicably fix said boundary pursuant to the appropriate codal authority relative to the fixing of boundaries extra-judicially by contiguous owners, should be cast for all costs of this case as well as those incurred on this appeal. -We feel, however, that the cost of establishing the boundary, as hereinafter decreed, should be borne equally by plaintiff and defendant.
For the reasons hereinabove set forth, it is ordered, adjudged and decreed that the judgment of the trial court be and the same is hereby affirmed insofar as it sustains defendant’s plea of 30 years prescription and recognizes the fence line along the southern boundary of defendant’s property as the northern boundary of property owned by plaintiff in fractional Section 35, T. 6 S., R. 2 E., Livingston Parish, contiguous to said fence line. It is further ordered, adjudged and decreed that the judgment of the trial court is amended by setting aside and rescinding that portion thereof declaring and recognizing defendant as owner of any property involved herein. It is further ordered, adjudged and decreed that this matter be remanded to the trial court for appointment of a licensed surveyor to map and survey said boundary fence line and permanently fix and establish the same by appropriate monuments and markers. It is further ordered, adjudged and decreed that all costs of these proceedings and this, appeal shall be borne by plaintiff-appellant John P. Brashears and that all costs of the further proceedings herein ordered to fix the boundary between the contiguous owners at bar, shall be paid equally by plaintiff *93 John P. Brashears and defendant Elgene Hood.
Amended and remanded.