LOTTINGER, Judge.
This is a suit brought- by Henry Mills, owner of the Myrtles Plantation in West Feliciana Parish, against an adjoining property owner, Robert Ormond Butler, involving the ownership of a tract of land described as being in Section 70, Township 3 South, Range 3 West, St. Plelena Meridian and lying between the Old Tunica Road and the section line between Section 70 and 65 and bounded on the west by the Big Bayou Sara Creek and on the east by the Old Greenwood Plantation Road and other lands of Henry Mills. The suit was filed as an action to try title or, alternatively, as a peti-tory action, and following an admission by plaintiff of defendant’s possession has since been treated as a petitory action. The defendant pleaded the acquisitive prescription of ten and thirty years in the Lower Court. *263 The trial judge rendered judgment in favor of the plaintiff as prayed for from which the defendant has appealed.
The defendant has filed an additional plea of acquisitive prescription of thirty years in this court under LSA-Civil Code Article 852 and 3499.
The trial judge rendered written reasons for judgment which are as follows:
“The Court has carefully studied the record and the briefs in this case. The Court’s conclusions of fact from the testimony and documentary evidence submitted are as follows:
“1. The plaintiff has sustained the burden of proof of his title to all land in Section 70, Township 3 South, Range 3 West in the Parish of West Feliciana shown on the map or sketch prepared by the late W. B. Smith (father of the present W. B. Smith) as conveyed to John M. Parker and annexed to the deed to Parker from Schlessinger et al. on December 27, 1913. In the opinion of the Court, this map is a definite, public record of the northern limits of plaintiff’s land and of the boundary between his land and that of the defendant. There is an unbroken chain of title into the plaintiff covering the disputed land from its separation from the dominion.
“2. The defendant has shown by convincing evidence possession in himself and his authors in title of the disputed land for a period far in excess of thirty years, provided the possessions by the successive possessors, beginning with Mrs. Ventress down to the defendant are added together or tacked. In the opinion of the Court, this possession has been of the kind that would sustain a plea of the prescription of thirty years acquirendi causa. Therefore, the question in this case seems to the Court to be whether the possession of Mrs. Ventress, Mrs. Butler and the defendant can be tacked so. as to make up the required thirty years possession to give the defendant ownership of the disputed land by prescription under Civil Code Article 3499.
“The defendant claims the disputed property under an act of sale dated March 7, 1953 and from Annie Lawra-son Butler. This deed clearly includes the disputed property and designates the old Tunica Road as one of the southern boundaries of defendant’s property. This includes the strip of land in dispute which lies between the old Tunica Road and the northern boundary of Section 70. Mrs. Butler obtained the property as a particular legatee under the last will and testament of Mrs. Ventress, and a judgment of possession recognizing the said Mrs. Butler as owner of 1248.79 acres known as Greenwood Plantation. This judgment was filed on June 21, 1934 and the southern boundaries of this property are said to be lands of Mrs. Fannie Williams and lands of John M. Parker (now plaintiff). Nowhere in the defendant’s chain of title has the old Tunica Road been designated as a boundary until the defendant acquired from Mrs. Butler in 1953.
“In the case of Buckley v. Catlett, 203 La. 54, 13 So.2d 384, the Supreme Court held that:
* * On this subject, it is well established in our jurisprudence that, for the purpose of claiming land under the prescription of 30 years, several successive possessors cannot be joined to show a continuous adverse possession, unless there is a privity of estate or contract between the occupants. The reason for this rule is that the several acts of adverse possession are construed as nothing more than a series of independent trespasses, and on the termination of each of those acts the possession returns by operation of law to the rightful owner of the immovable * * * >
*264 “The Court disagrees with contentions of counsel for defendant that the description of Greenwood Plantation, under the judgment of possession to Mrs. Butler included the disputed property. Had it done so, the Tunica Road would have been designated as a south boundary. But, the judgment states that the south boundary is lands of Fannie Williams and lands of John M. Parker (now plaintiff). As I have already pointed out, the plaintiff’s titles clearly show that the northern boundary of the Parker land at this point was the northern boundary of Section 70. Accordingly, there was no privity between Mrs. Ventress and Mrs. Butler so as to allow the possession of Mrs. Ventress to be tacked to that of Mrs. Butler unless it was by operation of law.
“In the case of Richey v. Hill [La.App.] 84 So.2d 291 (Certiorari Denied Feb. 23, 1956), the Court of Appeal held that there was a privity of contract between a deceased person and a universal legatee under the decedent’s will who could tack the possession of the decedent to his own to make up the required thirty years, even though the disputed property was not described in the succession proceedings. The basis for this is the provisions of Civil Code, Article 1609. This article provides as follows:
“ ‘When, at the decease of the testator, there are no heirs, to whom a proportion of his property is reserved by law, the universal legatee, by the death of the testator, is seized of right of the effects of the succession, without being bound to demand the delivery thereof.’
“The rule seems to be somewhat different in respect to a particular legatee under Civil Code, Article 1626 which provides:
“ ‘Every legacy under a particular title gives to the legatee, from the day of the testator’s death, a right to the thing bequeathed, which right may be transmitted to his heirs or assigns; and this takes place as well in testamentary dispositions, universal or under a universal title, as in those made under a particular title.
“ ‘Nevertheless, the particular legatee can take possession of the thing bequeathed, or claim the proceeds or interest thereof, only from the day the demand of delivery was formed, according to the order hereinbefore established, or from the day on which that delivery was voluntarily granted to him. (Emphasis by the Court).
“As this Court understands the last quoted article of the Code, the possession of Mrs. Ventress to the disputed land did not pass immediately to Mrs. Butler and Mrs. Butler’s possession began on or about June 21, 1934. The combined possession of Mrs. Butler and the defendant of the disputed land has been less than 30 years, for which reason, defendant’s plea of prescription of thirty years will be overruled.
“Since, under the appreciation of this Court of the various descriptions of the lands of the plaintiff and the defendant, as above stated, Mrs. Butler’s title did not include the disputed area and, accordingly, there is no basis for a plea of prescription of ten years, the defendant having possessed under title only since 1953.
“For these reasons, judgment will be signed in favor of the plaintiff.”
The record so clearly supports the factual finding of the trial judge with respect to the possession of defendant and his authors for a period in excess of thirty years that a résumé of same is unnecessary.
While defendant argues that the plea of thirty years’ prescription under LSA-Civil *265 Code, Article 3499 is well founded, he also argues that his plea of prescription under LSA-Civil Code, Article 852 is likewise well founded and that defendant should be recognized as the owner of the property in dispute. If defendant’s plea of prescription under Article 852 is good, manifestly there is no necessity for us to consider the various and sundry other pleas of prescription as set forth in the other articles that he pleads. LSA-Civil Code, Article 852 provides as follows:
“Whether the titles, exhibited by the parties, whose lands are to be limited, consist of primitive concessions or other acts by which property may be transferred, if it be proved that the person whose title is of the latest date, or those under whom he holds, have enjoyed, in good or bad faith, uninterrupted possession during thirty years, of any quantity of land beyond that mentioned in his title, he will be permitted to retain it, and his neighbor, though he have a more ancient title, will only have a right to the excess; for if one can not prescribe against his own title, he can prescribe beyond his title or for more than it calls for, provided it be by thirty years possession.”
This article was discussed in the case of Henly v. Kask, La.App., 11 So.2d 230, 234 and the court there gave an exhaustive review of the jurisprudence on this matter and concluded as follows:
“It seems clear to us, as a result of these decisions, that the now well-established rule is that where there is a visible boundary, which has been in existence for thirty years or more, and the defendant in a boundary action, or his predecessors in title have, in addition to the land described in the title, actually possessed land extending to that visible boundary, a plea of prescription of thirty years will be sustained, since the defendant may show that, though he, himself, has not occupied the property for thirty years, the occupancy of his predecessors in title may be ‘tacked’ to his own. It is true that, in order that this rule apply, certain conditions must be met. First, there must be a visible boundary, such as a fence or wall, and second, there must be actual possession, either in person or through ancestors in title, for thirty years or more, of the land described in the title and also of that beyond the title as far as the actual physical boundary.” See also Sattler v. Pellichino, La.App., 71 So.2d 689 and the cases therein cited.
It has been held that LSA-Civil Code, Article 852 can properly be pleaded as a defense to a petitory action whereby one may acquire ownership of land outside one’s title description if the land has been possessed within visible boundaries for a period in excess of thirty years. See Sattler v. Pellichino, supra.
Now the facts as found by the trial court as well as by this court are that Mrs. Ven-tress, Mrs. Butler and the defendant have been in open continuous possession of the disputed tract of land for more than thirty years, and that this Old Tunica Road has served as the boundary line between these two properties for over thirty years. For that reason and in view of the jurisprudence we are of the opinion that the plea of prescription based on LSA-Civil Code Article 852 should be sustained and the defendant recognized as the owner of the disputed tract of land.
For the reasons assigned, the judgment appealed from is reversed and it is ordered, adjudged and decreed that plaintiffs’ suit be dismissed at his costs.
It is further ordered, adjudged and decreed that defendant Robert Ormond Butler be and he is hereby declared to be the true and lawful owner of the following described property, to-wit:
“All of that certain parcel of land located in Section 70, Township 3 South, Range 3 West St. Helena Me *266 ridian, in the Parish of West Feliciana, Louisiana, and being more specifically described as that land bounded on the north by the section line of sections 70 and 65, on the West by Big Bayou Sarah Creek, on the South by the Old Tunica Road and on the East by the Old Greenwood Plantation Road.”
Judgment reversed and rendered.