HAMITER, Justice.
 

 John Z. Stutson instituted this suit on September 1, 1959 praying to be recognized as owner, and to be placed in full and complete possession, of: “A certain piece, parcel or tract of land, being, lying and situated in the Parish of Catahoula, State of Louisiana, containing an area of thirty-four and 6/10 (34.6) acres, more or less, and being all of that portion of the East Half
 
 (Ei/i)
 
 of the Northeast Quarter (NEJ4) or Lot One (1) of Section Thirteen (13), Township Nine North, Range Six East (T. 9 N., R. 6 E.), Louisiana Meridian, lying South and West of the Doty Road.” As a basis for the prayer plaintiff alleged that the property belonged to him by virtue of an unbroken chain of title dating back to the United States Government and that George McGee, the defendant, was in illegal possession thereof.
 

 In answering, after denying plaintiff’s allegations of ownership, the defendant affirmatively averred that he owned the property through a recorded title “and/or by virtue of the prescription of 30 years” under Revised Civil Code Articles 3475 and 3499. Further, in reconvention, he pleaded the prescription relative to boundary actions (Revised Civil Code Article 852); however, during the course of the trial the reconventional demand was abandoned, he having admitted that by reason of certain disclosed facts the codal provisions relative to boundary actions were inapplicable.
 

 
 *649
 
 Following a trial of the merits the district court recognized the defendant to be the owner of the property by virtue of the acquisitive prescription of 30 years. Accordingly, it dismissed the suit.
 

 On an appeal the Court of Appeal reversed that judgment. It gave recognition to plaintiff’s unbroken record title and held that the defendant had failed to sustain his specially pleaded prescription of 30 years acquirendi causa. 125 So.2d 482.
 

 The case is presently before us on a writ of certiorari or review granted at the instance of the defendant.
 

 The defendant concedes here that his deeds from the heirs of W. A. Davis on which he relies did not describe, or provide for a transfer of rights to, the contested property; and, further, that the record title thereto is in the plaintiff. However, he contends that, while such deeds actually conveyed to him only adjacent lands, he and his vendors were in actual possession of the disputed property for more than 30 years prior to the filing of this suit and hence he is the owner thereof by reason of the mentioned combined possessions which effected the acquirendi causa prescription applicable to that period. In this connection he states:
 

 “The defendant, George McGee, is and had been in possession of the disputed property, under fence, for some twenty-nine years and ten months at the date suit was filed. Prior to that, the tract was possessed by W. A. Davis and his heirs, and the principal issue in the lawsuit is whether there was privity between the Davis heirs and defendant, so as to permit defendant to ‘tack’ to his own possession that of his predecessors, in order to acquire title to the land by the prescription of 30 years. * * *
 

 ******
 

 “ * * * pOSSession of the defendant of the property in dispute admittedly did not commence until his acquisition [of adjacent lands] from the heirs of William A. Davis under deeds dated 16 September 1929 and 19 October 1929 * * *. It is apparent that even if defendant went into immediate possession following his purchase from the Davis heirs (as he did) the possession exercised personally by him prior to the filing of this suit falls short of thirty years, though by not more than 49 days, and that the prescription of thirty years under Articles 3475 and 3499 has not accrued unless he can add to his possession that of his predecessors in title. This we think he can do.” (Brackets ours.)
 

 On the other hand the plaintiff asserts that since there is no privity of title respecting the disputed property between defendant and his vendors the possession of the latter cannot be “tacked” to provide
 
 *651
 
 the requisite 30 years. Additionally, he urges that the possession of defendant and his vendors was not of such nature as would support the pleaded acquisitive prescription; however, in view of the conclusion we have reached concerning the question of “tacking” we may assume arguendo that the possession relied on was adequate in character.
 

 In their brief to this court defense counsel agree that “ * * * for the purpose of claiming land under the prescription of thirty years several successive possessors cannot be joined to show a continuous adverse possession unless there is a privity of estate or contract between the occupants.” Then they argue that such privity may be inferred from the actions of the parties or exist by reason of an oral agreement. Thus, again quoting from their brief, they say: “We respectfully submit that the Court of Appeal erred for the reason that the privity between the Davis heirs and defendant dealt not with a transfer of title to real estate, but rather with a surrender of possession of real estate, and certainly there is no requirement of law that the delivery of possession of real estate must be in writing and signed by all of the parties to the agreement in order to be valid and binding. After all, the question of written titles has absolutely nothing to do with the question of actual possession vel non. Actual possession can be shown only by visible outward acts upon the property itself of a character to challenge the attention of the owner of the property. * * * Since possession itself is manifested and proved by physical acts of the possessor, why should a transfer, or surrender of possession have to be in writing in order to be effective? Certainly the attention of the owner of the land to a transfer of possession is challenged, not by a writing between the parties, but by the presence of the new possessor and the absence of the old possessor on the land.”
 

 Unquestionably a person may actually possess an immovable for 30 years without any title and, by that means, acquire ownership thereof. Revised Civil Code Articles 3499 and 3503. But if he has to add to his possession that of his vendor for effecting the accrual of such period he is governed by Revised Civil Code Articles 3493 and 3494, contained in that part of our Civil Code which deals with the ten year acquisitive prescription, and those provisions clearly disclose that they may be availed of only if the person seeking to “tack” possesses under some kind of title. They read as follows:
 

 “Art. 3493. The possessor is allowed to make the sum of possession necessary to prescribe, by adding to his own possession that of his
 
 author,
 
 in whatever manner he may have succeeded him, whether by an universal or particular, a lucrative or an onerous
 
 title.
 
 Art. 3494. By the word
 
 author
 
 
 *653
 
 in the preceding article, is understood the person from whom another derives his right, whether by a universal
 
 title,
 
 as by succession, or by particular
 
 title,
 
 as by sale, by donation, or
 
 any other title,
 
 onerous or gratuitous.
 

 “Thus, in every species of prescription, the possession of the
 
 heir
 
 may be joined to that of the
 
 ancestor,
 
 and the possession of the
 
 buyer
 
 to that of the
 
 seller.”
 
 (Italics ours.)
 

 The conclusion that the existence of some kind of title is necessary to permit the “tacking” of possessions is supported by the holding in Opdenwyer v. Brown, 155 La. 617,
 
 99
 
 So. 482, 484. Although that was a boundary action, it was contended therein that in view of the above quoted articles the defendant could not “tack” his possession to that of his vendor since the disputed property was not described in his title to the adjacent lands purchased. In upholding the contention the court first pointed out that Revised Civil Code Article 852, relative to the prescription in boundary cases, differs from Revised Civil Code Article 3493 in language, meaning and effect; and that the latter must be read in connection with Revised Civil Code Articles 3494, 3495 and 3503. It then quoted the last mentioned four articles, with appropriate emphasis, and said: “These articles are easily understood. If A. take possession of a tract of land and keep it for 25 years, then sell the north half thereof to B., the latter cannot at the end of another five years acquire the
 
 zohole
 
 of the tract. For if B. take possession of only the north half, then article 3503 applies, and he cannot acquire the south half because he has not been in actual possession thereof. True in that case the south half is still lost to the owner, because the possession of A. continues; not having been interrupted.
 
 On the other hand, even if B. take possession of the whole tract, he still does not acquire the south half because, as to that A. was not his author (i. e., he derived no right through A.); and the only effect of his taking possession is to interrupt the possession of A., so that the south half simply remains the property of the original owner until B. himself has possessed it for 30 years.
 
 * * * ” (Italics ours.)
 

 In Sibley et al. v. Pierson et al., 125 La. 478, 51 So. 502, 513, the defendants claimed ownership under the acquisitive prescription of 30 years of an entire tract of land which they alone possessed, notwithstanding that their title, based on an inheritance from their mother, conveyed only a fractional interest and that their and their mother’s possession totaled less than 30 years. They argued that the possession of their mother’s vendor (from whom she acquired only a fractional interest) could be added to make out the 30 years, inasmuch as he also had had possession of the entire property. In holding that the addi
 
 *655
 
 tion was improper, because of a lack of privity in title as to the whole tract, the court observed: " * *
 
 *
 
 where a person, having acquired a particular described tract of land, has taken possession of an adjoining tract, or, having acquired a specific interest in a particular tract, has taken possession of the whole, with a view of acquiring the additional tract, or interest, merely by holding possession of it under a claim of ownership, he does not convey such possession to a vendee, to whom he sells the tract or interest described, and such vendee cannot, for the purpose of aiding himself in the acquisition by prescription of property not included in his title, add his vendor’s possession to his own, there being no privity between him and his vendor in that respect. * * * From which it follows that, as Mrs. Pierson acquired at the sale in the succession of her husband only that interest in the land in question which he had acquired from the Hyams successions (less that which he had sold), his possession, beyond that interest, cannot be added to hers for the purposes of the prescription of 30 years which defendants plead, and, without such addition (conceding, arguendo merely, that the possession in both cases was of a character to furnish a basis for the prescription), the prescriptive period had not expired when it was interrupted by this suit; Mrs. Pierson having made her purchase in
 
 1876
 
 and this suit having been instituted in 1904.”
 

 The defendant in this cause seeks to distinguish the Sibley case, supra, on the basis that the litigants therein were co-owners. However, the opinion of the court makes it clear that this circumstance had no bearing on the above mentioned holding respecting the question of prescription.
 

 The described holding in the Sibley case has been cited approvingly in subsequent decisions of this court, including Harang v. Golden Ranch Land & Drainage Company, 143 La. 982, 79 So. 768, Emmer v. Rector, 175 La. 82, 143 So. 11, and Buckley v. Catlett, 203 La. 54, 13 So.2d 384, 386.
 

 In the Buckley case, which involved facts similar to those found here, we said:
 

 “Anent the pleaded acquisitive prescription of 30 years, it is not disputed by defendant that neither he nor any one of his predecessors ever held possession of the contested part of Lot 4 for the required period of time. But he contends that by adding his possession to that of his authors, a prescriptive title has been acquired by him. On this subject, it is well established in our jurisprudence that, for the purpose of claiming land under the prescription of 30 years, several successive possessors cannot be joined to show a continuous adverse possession, unless there is a privity of estate or contract between the occupants. The reason for this rule is that the several acts of adverse
 
 *657
 
 possession are construed as nothing more than a series of independent trespasses, and on the termination of each of those acts the possession returns by operation of law to the rightful owner of the immovable. * * *
 

 “If it can be said that there was privity of estate between defendant and his wife, who formerly possessed the property, their combined possession was for less than 30 years. As to his other predecessors, clearly there was no privity of contract or estate, and their possession could not be added to his. Consequently, the plea of prescription of 30 years acquirendi causa, we think, is not well founded.”
 

 Most of the above cited decisions have been relied on by the Courts of Appeal, notably in Merritt v. Smith, La.App., 35 So.2d 817 and Finley v. Morgan, La.App., 80 So.2d 196. The last named two cases presented situations almost identical to that involved here, and in each the Court of Appeal ruled that “tacking” of possession was not permissible because of a lack of some kind of title in the person pleading the acquisitive prescription of 30 years. Thereafter applications to this court for writs of review were filed in such cases by those seeking to “tack”, they specifically placing at issue the mentioned rulings, and we refused to grant the relief sought on the ground that there appeared no error of law in the decisions.
 

 In our research on the instant subject we have carefully examined numerous other Louisiana authorities; but in none has any language been found which tends to support the contention of this defendant that, for the purpose of effecting an accrual of the 30 years’ prescription, possession alone can be transferred by mere actions or by verbal agreement and that the transfer may be shown by parol evidence. Among the authorities so considered was Durel et al. v. Tennison, 31 La.Ann. 538, wherein the court permitted the “tacking” of possessions of the contested property which adjoined the lands specifically conveyed. But it appears that therein there was a written transfer of all of the vendor’s rights in and to the property in dispute. Thus, the court stated: “The defendant offered his title to property contiguous to that claimed by plaintiff,
 
 which title contained the following declaration made by his vendor:
 
 ‘That ever since the purchase of the afore-described property,’ that conveyed by the act,
 
 ‘he has been in the peaceable possession and enjoyment of a certain portion of ground,’ etc., giving a description of the property presently in question, ‘and he does hereby transfer and set over unto the said purchaser, his heirs and assigns, the rights and pretensions which he or his preceding vendors have or may have in and to the aforesaid portion of ground.’ ”
 
 And in view of such written transfer the court held that it was proper to permit the
 
 *659
 
 vendee to show the possessions by parol evidence. (Italics ours.)
 

 In support of his position herein the defendant relies on a definition of privity contained in Harang v. Golden Ranch Land & Drainage Company and Emmer v. Rector, both supra, which reads: “Privity denotes merely a succession of relationships to the same thing, whether created by deeds, or by other act, or by operation of law. * * *” [175 La. 82, 143 So. 14] As we read this definition in connection with the observations of the court in the mentioned two cases, as well as with the authorities therein cited, it is clear to us that the reference to “other act” (to which our attention is particularly directed) was intended to mean “other instrument”, such as an act of donation (as opposed to a deed), not merely to the “actions” of the parties.
 

 In a further endeavor to substantiate the claim of privity between himself and his predecessors in possession this defendant introduced a document styled an “Act of Correction and Confirmation” executed, after this suit was filed, by three of the seven persons then interested as vendors and which purported to show an
 
 intention to
 
 convey
 
 the
 
 disputed property. Because that instrument was belatedly confected we entertain serious doubt that it was admissible in evidence, for seemingly to approve such a practice in aid of the accrual of the acquisitive prescription might well provide a method for the perpetration of fraud. But be that as it may, and assuming arguendo that the introduction was proper under the authority of Coats v. Lee, La.App., 70 So.2d 229 (a case relied on by this defendant and which involved a deed executed by all of the original parties after the suit was instituted), the instant correction and confirmation instrument was ineffective for the reason that it was not signed by all of defendant’s vendors or their representatives.
 

 Since this defendant himself did not possess the disputed tract for 30 years, and inasmuch as he is not permitted to “tack” the possession thereof held by his vendors of the adjacent lands to that which he has enjoyed, the plea of prescription was correctly overruled.
 

 For the reasons assigned the judgment of the Court of Appeal is affirmed.