LOTTINGER, Judge
This litigation originated in the form of a petitory action filed by the Jumonville Pipe and Machinery Company, Inc. against Frank S. Noel under Docket No. 8352 of the Court below. Subsequently, under Docket No. 8781 of the Lower Court, Frank S. Noel filed an action in jactitation against the Jumonville Pipe and Machinery Company, Inc. which the latter answered and converted to a petitory action. The actions were consolidated for trial following which judgment was rendered in favor of Frank S. Noel sustaining the plea of 30 year acquisitive prescription filed by him and ordering the cancellation of said timber sales and mineral leases executed by the Jumonville Pipe & Machinery Company, Inc. The latter has appealed.
The tract of land involved contains some 38.88 acres and is situated adjacent to what is known as the McManor Plantation in the Parish of Ascension owned by Frank S. Noel. In this opinion, the latter will be referred to as the plaintiff and the Jumon-ville Pipe and Machinery Company, Inc. as the defendant. Admittedly the defendant is the record title owner and the sole issue presented by the appeal is the validity of plaintiff’s plea of 30 year acquisitive prescription. In assailing the validity of the plea, the defendant-appellant contends, among others, that the record fails to show where the possession exercised by Noel and his authors was uninterrupted.
The record reflects that McManor plantation was subject to the following:
1. Acquisition by plaintiff’s father by act of sale in 1914
2. Sale by Mr. Noel to Dr. Isaac D. Benson in 1920
3. Sale by Dr. Benson to Mr. Noel in December, 1920
4. Judgment of possession in Succession of Robert E. Noel dated 1937
5. Donation of undivided interest by plaintiff’s mother to plaintiff and his brothers and sisters in 1945
6. Transfer by plaintiff’s mother and brothers and sisters to plaintiff of undivided interest in 1945
7. Sale by plaintiff of undivided interest to J. Meredith Noel in 1945
8. Sale by J. Meredith Noel of undivided 1/2 interest to plaintiff in 1953
The property which forms the subject matter of this lawsuit was not described in any of the transfers mentioned above. The Trial Judge held that because there was no privity of the contract between the plaintiff’s author and Dr. Benson, the former could not tack on to the latter possession but, in spite of this, held that the rule of privity was not applicable to the other six transactions.
*893 The rule with regard to privity with respect to 30 year acquisitive prescription has been set forth in the case of Sib-ley v. Pierson, 125 La. 478, 51 So. 502, as follows:
“There is no doubt that, where an heir (and the same may be said of a co-proprietor, other than an heir) has possessed the whole or part of an estate separately for 30 years, he may succcessfully oppose a suit for partition. Civ.Code, Arts. 1305, 3475. But he must have possessed uninterruptedly and in the same character during the entire period; and where a person, having acquired a particularly described tract of land, has taken possession of an adjoining tract, or, having acquired a specific interest in a particular tract, has taken possession of the whole, with a view of acquiring the additional tract, or interest, merely by holding possession of it under a claim of ownership, he does not convey such possession to a vendee, to whom he sells the tract or interest described, and such vendee cannot, for the purpose of aiding himself in the acquisition by prescription of property not included in his title, add his vendor’s possession to his own, there being no privity between him and his vendor in that respect.” (Emphasis supplied).
The latest expression that we can find on the subject is in the case of Stutson v. McGee, 241 La. 646, 130 So.2d 403, wherein the Supreme Court held as follows:
“Unquestionably a person may actually possess an immovable for 30 years without any title and, by that means, acquire ownership thereof. Revised Civil Code Articles 3499 and 3503. But if he had to add to his possession that of his vendor for effecting the accrual of such period he is governed by Revised Civil Code Articles 3493 and 3494, contained in that part of our Civil Code which deals with the ten year acquisitive prescription, and those provisions clearly disclose that they may be availed of only if the person seeking to ‘tack’ possessed under some kind of title. They read as follows:
“ ‘Art. 3493. The possessor is allowed to make the sum of possession necessary to prescribe, by adding to his. own possession that of his author, in whatever manner he may have succeeded him, whether by an universal or particular, a lucrative or an onerous-title. Art. 3494. By the word author in the preceding article, is understood the person from whom another derives-his right, whether by a universal title, as by succession, or by particular title, as by sale, by donation, or any other title, onerous or gratuitous.
“ ‘Thus, in every species of prescription, the possession of the heir may be joined to that of the ancestor, and the possession of the buyer to that of the seller.’ (Emphasis theirs).
******
“The defendant in this cause seeks-to distinguish the Sibley case, supra,, on the basis that the litigants therein were co-owners. However, the opinion of the court makes it clear that this' circumstance had no bearing on the-above mentioned holding respecting the question of prescription.
“The described holding in the Sibley case has been cited approvingly in subsequent decisions of this court, including Harang v. Golden Ranch Land & Drainage Company, 143 La. 982, 79 So. 768, Emmer v. Rector, 175 La. 82, 143 So. 11, and Buckley v. Catlett, 203. La. 54, 13 So.2d 384, 386.
“In the Buckley case, which involved facts similar to those found here, we said:
“ ‘Anent the pleaded acquisitive prescription of 30 years, it is not disputed by defendant that neither he nor any *894 one of his predecessors ever held possession of the contested part of Lot 4 for the required period of time. But he contends that by adding his possession to that of his authors, a prescriptive title has been acquired by him. On this subject, it is well established in ovvr jurisprudence that, for the purpose of claiming land under the prescription of 30 years, several successive possessors cannot be joined to show a continuous adverse possession, unless there is a privity of estate or contract between the occupants. The reason for this rule is that the several acts of adverse possession are construed as nothing more than a series of independent trespasses, and on the termination of each of those acts the possession returns by operation of law to the rightful owner of the immovable. * * *
“ ‘If it can be said that there was privity of estate between defendant and his wife, who formerly possessed the property, their combined possession was for less than 30 years. As to his other predecessors, clearly there was no privity of contract or estate, and their possession could not be added to his. Consequently, the plea of prescription of 30 years acquirendi causa, we think is not well founded.’ (Emphasis supplied)
“Most of the above cited decisions have been ruled on by the Courts of Appeal, notably in Merritt vs. Smith, La.App., 35 So.2d 817 and Finley v. Morgan, La.App., 80 So.2d 196. The last named two causes presented situations almost identical to that involved here, and in each the Court of Appeal ruled that 'tacking’ of possession was not permissible because -of a lack of some kind of title in the person pleading the acquisitive prescription of 30 years.
“Thereafter applications to this court for writs of review were filed in such cases by those seeking to ‘tack’, they specifically placing at issue the mentioned rulings, and we refused to grant the relief sought on the ground that there appeared no error of law in the decisions.
“In our research on the instant subject we have carefully examined numerous other Louisiana authorities; but in none has any language been found which tends to support the contention of this defendant that, for the purpose of effecting an accrual of the 30 years’ prescription, possession alone can be transferred by mere actions or by verbal agreement and that the transfer may be shown by parol evidence. Among the authorities so considered was Durel et al. v. Tennison, 31 La. Ann. 538, wherein the Court permitted the ‘tacking’ of possessions of the contested property which adjoined the lands specifically conveyed. But it appears that therein there was a written transfer of all of the vendor’s rights in and to the property in dispute. Thus, the court stated: ‘The defendant offered his title to property contiguous to that claimed by plaintiff, which title contained the following declaration made by his vendor: “That ever since the purchase of the afore-described property,” that conveyed by the act, "he has been in the peaceable possession and enjoyment of a certain portion of grotmd”, etc., giving a description of the property presently in question, "and he does hereby transfer and set over unto the said purchaser, his heirs and assigns, the rights and pretensions which he or his preceding vendors have or may have in and to the aforesaid portion of ground.” ’ And in view of such written transfer the court held that it was proper to permit the vendee to show the possessions by parol evidence. (Emphasis theirs).
“In support of his position herein the defendant relies on a definition of *895 privity contained in Harang vs. Golden Ranch Land & Drainage Company and Emmer v. Rector, both supra, which reads: ‘Privity denotes merely a succession of relationships to the same thing whether created by deeds, or by other act, or by operation of law. * * *’ [175 La. 82, 143 So. 14], As me read this definition in connection mith the observations of the court in the mentioned two cases, as well as with the authorities therein cited it is clear to us that the reference to ‘other acf (to zvhich our attention is particularly directed) was intended to mean ‘other instrument’, such as an act of donation (as opposed to a deed), not merely to the ‘actions' of the parties.” 241 La. 646, 130 So.2d 403 at pages 405, 406, and 407). (Emphasis supplied).
 Counsel for appellees seek to escape and rule of the Sibley & Stutson cases, supra, on the ground that as Frank S. Noel was the son of the late Robert E. Noel and inherited a small undivided interest in the property from the latter, privity was thus established between them. The fallacy with this contention is that Frank S. Noel sold an undivided one-half interest in the McManor plantation to J. Meredith Noel in 1945 and it is impossible to establish that the inherited undivided interest was not included therein. It is well settled that the burden of proof rests upon one relying on the affirmative plea of acquisitive prescription and from the record as made up, we do not believe that the plaintiff has borne the burden of proving the privity required by law in the mentioned transfers.
For the reasons assigned, it is ORDERED, ADJUDGED AND DECREED that plaintiff’s demands be and they are hereby rejected and defendant, Jumonville Pipe and Machinery Company, Inc. is hereby declared to be the true and lawful owner of the following described property:
A certain tract of land situated in Section 6, Township 11 South, Range 14 East, West of the Mississippi River, Ascension Parish, Louisiana, containing 38.88 acres, and more particularly described as beginning at a point marked “A”, said point “A” being the inter-sectional point of Sections 6, 84, 85 and 7, and running North 76° West, 2100 feet to point “B”; thence running North 13° East, 1122 feet to point marked “C”; thence running in a general Northwesterly direction a distance of 1054 feet to point marked “D”; thence running South 50° 30' East, a distance of 600 feet to point marked “E”; thence running in a general Southeasterly direction a distance of 1100 feet to point marked “F”; thence-running in a general Southwesterly direction a distance of 944 feet to point marked “G”; thence running in a general Northeasterly direction a distance of 2650 feet to point of beginning, all as is more fully shown with reference to-a map of survey by J. C. Waties, C.E.,. dated July, 1957.
LESS AND EXCEPT: That portion of the above described property reserved and excluded from the sale from Miles Timber Company to Frank H. Jumonville dated October 24, 1941, and recorded in COB 79, folio 14 of Ascension Parish, which area is marked in red on a map prepared by Frank H. Waddill, C.E., dated February 16, 1940, and attached to said act of sale.
Judgment reversed and rendered.
Petitioner’s demands dismissed at his cost.