144 So.2d 747 (1962)
Thomas STANFORD, Plaintiff-Appellant,
v.
Lavenia ROBERTSON et al., Defendants-Appellees.
No. 598.
Court of Appeal of Louisiana, Third Circuit.
September 24, 1962.
*748 Harry B. Garland, Felix A. DeJean, Jr., Opelousas, for plaintiff-appellant.
A. V. Pavy, Leon S. Haas, Jr., Opelousas, for defendants-appellees.
Before TATE, HOOD and CULPEPPER, JJ.
TATE, Judge.
This is a petitory action brought by the plaintiff Stanford to recover 26.33 acres of land within the fences of the defendants, who own three tracts to the north of Stanford's property. The trial court sustained the defendants' pleas of thirty years' prescriptive title. The plaintiff's suit was therefore dismissed, and the plaintiff Stanford appeals.
The trial court found that the land to the north of the fence line had been possessed by the defendants and their authors in title for a period in excess of thirty years.
On his appeal, Stanford principally contends through his able counsel that, even if this is so, the defendants did not obtain title by thirty years' adverse possession because they cannot "tack" on the previous adverse possession of their authors in title, *749 since there was no privity of estate because the strip in dispute was not included within the description of the lands to which the defendants and their predecessors acquired title by deed.
For purposes of deciding this appeal, we will accept the contention of the plaintiff that the ideal boundary between the defendants' lands to the north, on the one hand, and the plaintiff Stanford's tract to the south, on the other, is on the true half-section line, which is located some 400 feet north of the defendants' fence. A strip containing 26.33 acres lies between this ideal section line on the north and the parallel fence line some 400 feet south of it. This strip is within the defendants' fences and has been possessed by them and their predecessors in title for many years. The ownership of this disputed strip is the subject of this petitory action.
The defendants pleaded several prescriptions in bar of the plaintiff Stanford's claim to property possessed by them north of the fence line. Most pertinently to this discussion, included among those pleaded is what the defendants describe as the pleas of thirty years' acquisitive prescription provided both by LSA-C.C. art. 852[1] and by LSA-C.C. Art. 3499.[2] See Tr. 28, 32, and 35. (Despite suggestions to the contrary in the earlier jurisprudence, it is now well settled that the boundary prescription provided by LSA-C.C. Art. 852 may be pleaded not only in boundary actions, but also in petitory actions. See Nelken v. Aldredge, La.App., 3 Cir., 128 So.2d 843, and cases cited therein. See also: Mills v. Butler, La.App., 1 Cir., 131 So.2d 262, and 22 La.L.Rev. 727, 741-742, 1962.)
Much of counsel's argument is devoted to the discussion of whether or not the defendants obtained prescriptive title by thirty years adverse possession under the latter article, 3499; but, since we find the evidence clearly supports a holding that the defendants obtained prescriptive title under the former article, 852, we will pretermit discussion of the substantial contentions made by the opposing parties as to whether or not some or all of the defendants did or did not obtain title under Civil Code Article 3499.
Civil Code Article 852 provides for the obtaining of ownership by prescription to land beyond that to which the possessor has record title, by thirty years' uninterrupted possession up to a visible boundary. Sessum v. Hemperley, 233 La. 444, 96 So. 2d 832, noted at 18 La.L.Rev. 742 (1958) and 32 Tul.L.Rev. 324 (1958); Chaney, Prescription under Article 852, 13 La.L. Rev. 582 (1953). Civil Code Article 3499 provides for obtaining a prescriptive title by thirty years' adverse possession "as owner." Some of the differences between obtaining prescriptive title by thirty years' possession under Civil Code Article 852, as compared with obtaining it under Civil Code Article 3499, are discussed in the classic decision of Opdenwyer v. Brown, 155 La. 617, 99 So. 482, as well as recently by *750 this court in Baudin v. Charrier, La.App., 137 So.2d 440.
One of the chief differences concerns the circumstances under which the present possessor pleading the prescription in question can tack on the possession of his authors in title, in order to make up the requisite thirty years of adverse possession.
Under LSA-C.C. art. 3499, the possession of the predecessors in title cannot be added to that of the present possessor, unless the title of the present possessor includes the property in dispute, else there is no privity of estate such as is necessary to make up the thirty years adverse possession "as owner". Stutson v. McGee, 241 La. 646, 130 So.2d 403; Comment, "Tacking of Possession for Acquisitive Prescription", 8 La.L.Rev. 105 (1947). On the other hand, under LSA-C.C. Art. 852, the tacking of successive possessions up to the established visible bound between two estates is permitted, whether or not the land in dispute is included within the title description of the party pleading prescriptive title under this article. Opdenwyer v. Brown, 155 La. 617, 99 So. 482; Mills v. Butler, La.App., 1 Cir., 131 So.2d 262; Henly v. Kask, La.App.Orl., 11 So.2d 230. See also Chaney, Prescription under Article 852, 13 La.L.Rev. 582 (1953), and Baudin v. Charrier, La.App., 3 Cir., 137 So. 2d 440.
With regard to the present facts, the record shows that the defendants' fence separating their tracts to the north from Stanford's tract to the south has been constructed upon a line recognized since at least 1874 as the division line between the northern and the southern estates. The preponderance of the evidence in the record further proves that a wire fence has stood upon this dividing line for over fifty years; and that, although the wire was replaced as needed from time to time, the fence was continuously maintained during this interval as a boundary between the northern and the southern plantations along the entire length of the contested line. (One witness, however, testified that the wooded western end of the line was not a fence, but a straight "blaze line" marked on the trees; however, the other witnesses testified that the fence continued as a straight extension through the woods of the fence between the cultivated fields upon the eastern end.) The plaintiff did not produce any evidence to the contrary.
The trial court correctly held that the defendants had acquired prescriptive title of the land up to their fence line. Although (as in Sessum v. Hemperley and Opdenwyer v. Brown, above cited) the title deeds of the defendants pleading prescriptive title under LSA-C.C. Art. 852 may have included only land up to an ideal section line, the visible bounds of the estates possessed by their predecessors in title and sold to them included land beyond such ideal section line and up to the fence which had been continuously maintained in its present location for well over thirty years prior to the filing of the present suit. The present defendants have thus acquired prescriptive title under C.C. Art. 852.
For, as stated in Sessum v. Hemperley, above-cited, at 96 So.2d 843:
"Clearly, the now well-established rule, as a result of our codal provisions and the cited authorities, is that where there is a visible boundary which has been in existence for thirty years or more and the defendant * * * and his predecessors in title have, in addition to the land described in the title, actually possessed land extending to that visible boundary, a plea of prescription of thirty years should be sustained. It is our view that for the rule to be applicable two conditions must concur: First, there must be a visible boundary, artificial or otherwise; second, there must be actual uninterrupted possession, either in person or through ancestors in title, for thirty years or more of the land extending *751 beyond that described in the title and embraced within the visible bounds. The lack or failure of consent on the part of the adjacent owner cannot affect the rights that accrue by operation of law to the possessor under the thirty-year prescriptive plea."
For the foregoing reasons, the judgment dismissing the plaintiff's suit is affirmed at his cost.
Affirmed.
NOTES
[1] LSA-C.C. Art. 852:

"Whether the titles, exhibited by the parties, whose lands are to be limited, consist of primitive concessions or other acts by which property may be transferred, if it be proved that the person whose title is of the latest date, or those under whom he holds, have enjoyed, in good or bad faith, uninterrupted possession during thirty years, of any quantity of land beyond that mentioned in his title, he will be permitted to retain it, and his neighbor, though he have a more ancient title, will only have a right to the excess; for if one can not prescribe against his own title, he can prescribe beyond his title or for more than it calls for, provided it be by thirty years possession."
[2] LSA-C.C. Art. 3499: "The ownership of immovables is prescribed for by the thirty years without any need of title or possession in good faith." See also LSA-C.C. Art. 3500: "The possession on which this prescription is founded must be continuous and uninterrupted during all the time; it must be public and unequivocal, and under the title of owner."