HOOD, Judge.
This suit was instituted under the provisions of LSA-C.C. Article 823 to fix the boundary line between two contiguous tracts of land. The defendant filed an exception of prescription under the provisions of LSA-C.C. Article 852, alleging that the boundary line between these tracts had been established by virtue of the possession, with enclosures, exercised over one of said tracts by the defendant and her authors in title for a period exceeding thirty years. After trial, the exception of prescription was sustained by the trial court and the suit was dismissed. Plaintiffs have appealed.
Plaintiffs are the owners in indivisión of' a 38.88-acre tract of land in St. Martin Parish. The defendant, Mrs. Hazel Burdin Francisco, is the owner of a 145.90-acre of land which is located immediately south of and adjoining plaintiffs’ property. No issue is raised here as to the validity of the respective titles of the parties.
The defendant contends that her predecessors in title erected a fence along the north line of her property in 1923, that this fence has been maintained continuously since that time in the same location, that she and her authors in title have maintained open and uninterrupted possession of the property lying immediately south of that fence since it was originally constructed, and that this fence has been recognized during that entire time as the boundary line between her property and the adjoining land owned by plaintiffs.
Applicable here are the following provisions of the Louisiana Civil Code:
Art. 826. “By boundary is understood, in general, every separation, natural or artificial, which marks the confines or line of division of two contiguous estates. Trees or hedges may be planted, ditches may be dug, walls or inclosures may be erected, to serve as boundaries.
But we most usually understand by boundaries, stones or pieces of wood inserted in the earth on the confines of two estates.”
Art. 852. “If the titles, exhibited by the parties, whose lands are to be limited, consist of primitive concessions or other acts by which property may be transferred, if it be proved that the person whose title is of the latest date, or those under whom he holds, have enjoyed, in good or bad faith, uninterrupted possession during thirty years, of any quantity of land beyond that mentioned in his title, he will be permitted to retain it, and his neighbor, though he have a more ancient title, will only have a right to the excess; for if one can not prescribe against his own title, he can prescribe beyond his title or for more than it calls for, provided it be by thirty years possession.”
*298 It is settled that to establish a boundary pursuant to a plea of prescription based on the provisions of LSA-C.C. Article 852, there must be thirty years possession to a visible boundary. Sessum v. Hemperley, 233 La. 444, 96 So.2d 832; Porche v. Martin, La.App. 1 Cir., 177 So.2d 288; Opdenwyer v. Brown, 155 La. 617, 99 So. 482.
In Sessum v. Hemperley, supra, our Supreme Court clearly set out the rule as follows:
j “Clearly, the now well-established rule, as a result of our codal provisions and the cited authorities, is that where there is a visible boundary which has been in existence for thirty years or more and the defendant in a boundary action and his predecessors in title have, in addition to the land described in the title, actually possessed land extending to that visible boundary, a plea of prescription of thirty years should be sustained. It is our view that for the rule to be applicable two conditions must concur: First, there must be a visible boundary, artificial or otherwise; second, there must be actual uninterrupted possession, either in person or through ancestors in title, for thirty years or more of the land extending beyond that described in the title and embraced within the visible bounds.- The lack or failure of consent on the part of the adjacent owner cannot affect the rights that accrue by operation of law to the possessor under the thirty-year prescriptive plea. We feel that the foregoing conditions have been completely met in the instant case.”
There is a conflict in the testimony of some of the witnesses as to whether a visible boundary has existed between these two estates for this thirty-year period. Mr. Robert Browning, a licensed surveyor called by defendant, testified that in April, 1965, he made a survey of the line between these two estates, and that he found a fence along that entire line. He described it as an “old" or an “ancient” fence, and he stated that at some points where the fence had been tied into trees the trees had “grown over the wires.”
Other witnesses called by the defendant included persons who had resided on defendant’s property or who had lived in that immediate vicinity for many years. Their testimony is to the effect that a barbed wire fence was constructed along this entire boundary line in 1923, that it has been maintained continuously in the same location since that time, and that defendant and her authors in title have been in open and continuous possession of the land extending northward to that fence since it was first built.
Plaintiffs called Mr. Val E. Smith, a civil engineer, who testified that he surveyed the line between these two estates in 1932, and that at that time he found no fence along that line, except for a relatively short span of fencing near the center of the line. He stated that in making surveys of that kind he particularly looks for and notes fences, and since he has no notes as to any other fences he feels certain there there were none. Other witnesses called by plaintiffs included a person who had lived for about nine years on defendant’s property, one who has leased plaintiffs’ land, and others who either lived for periods of time in that immediate vicinity or who worked with cattle on this land. Their testimony is to the effect that a fence has not existed along the entire boundary line during this thirty-year period.
The trial judge, accepting the testimony of the witnesses produced by defendant, concluded that a visible boundary has existed between these estates for more than thirty years. In his reasons for judgment, he states:
“The testimony of the witnesses called by the parties is, to say the least, most conflicting. However, it is my opinion that the preponderance of the evidence is to the effect that the exceptor’s predecessors in title built a wire fence separating defendant’s land from that of the *299 plaintiffs about the year 1923, which fence has been maintained to a visible degree ever since by defendant’s predecessors in title and herself * * * ”
The established rule is that the trial judge’s findings of fact, particularly those involving the credibility of witnesses testifying before him, are entitled to great weight, and his conclusions as to the facts will not be disturbed unless found to be clearly erroneous. Miers v. Truck Insurance Exchange, La.App. 3 Cir., 180 So.2d 559.
We think the evidence supports the conclusions reached by the trial court, and we thus affirm the judgment rendered by that court dismissing this suit.
For the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiffs-appellants.