FRUGÉ, Judge.
This case involves a property dispute which arose after expropriation proceedings were filed by the State of Louisiana, through the Department of Highways, in the construction of State Route La. 3052. Appellant, Louis F. Kilchrist, and appellee, Sterling Sugars, Inc., are both claiming the proceeds of a 1.32 acre tract expropriated by the State.
The tract in question is a very narrow strip of land situated between a coulee known as Peebles Coulee, and Louisiana Highway 83, a few miles south of the City of New Iberia, in Iberia Parish. The tract separates a larger tract of property owned by defendant-appellant, Louis F. Kilchrist, from said Highway 83. Sterling claims ownership by virtue of a recorded title to the tract going back to the original patent owner in 1852. Mr. Kilchrist claims ownership by virtue of a prescriptive title of thirty years.
One of Kilchrist’s ancestors in title, Jules Olivier, acquired the property in 1916, but his title evidences as the western boundary the coulee and not the highway. After Mr. Olivier’s death in 1937, the heirs went into possession of the property, and on November 15, 1949, the defendant-appellant, Louis Kilchrist, acquired the property. The deed by which he acquired showed the coulee as the western boundary-
The Department of Highways deposited an amount representing payment of the entire tract of land taken and made Sterling and Kilchrist defendants in controversy over those proceeds allotted for the 1.32 acre tract.
The basic contentions of the parties are as follows: Sterling alleges that they have the record title to the property, and that neither Kilchrist, nor his ancestors in title, have acquired ownership by prescription. They allege that not only is there a lack of the requisite possession, but further, that Kilchrist cannot “tack” his possession beyond title to that of his ancestors in title, because he lacks title up to Highway 83.
Kilchrist, on the other hand, alleges that he and his ancestors in title have maintained continued, uninterrupted, public and unequivocal possession of the property as owners up to Highway 83, and that under the jurisprudence interpreting the application of LSA-C.C. Art. 852, he can tack his possession beyond title to that of his ancestors in possession beyond title.
After trial on the merits, the district court ruled in favor of defendant-appellees. Although recognizing the applicability of Article 852, the court noted the requirement that there be a visible boundary delineating the extent of the possession. The court found that although there was a fence along Highway 83 dividing the disputed strip from the road, the combination of the coulee and an additional fence east of the coulee constituted a visible boundary other than that of the fence along the road, and for that reason, it could not be said that defendant-appellant had possessed one continuous tract with visible boundaries beyond that given in his title. The court finding the absence of this requisite, did not give full discussion to the issue of possession, the second requisite for tacking under Article 852.
The sole issue presented on this appeal is whether the defendant-appellant, together with his predecessors in title, have maintained possession with visible boundaries of the 1.32 acre tract in such a manner and for a sufficient period of time to entitle him to the ownership of that tract by thirty years’ acquisitive prescription. Since *27 Mr. Kilchrist only acquired the property in 1949, he lacks eleven years possession to make up his thirty years, therefore, he must tack on to his possession of nineteen years, at least eleven years possession by Mr. Olivier and his heirs.
Kilchrist having based his claim on thirty years’ acquisitive prescription, we shall proceed to discuss those articles in our Civil Code dealing with prescription and the “tacking” of possession from one possessor to another.
Generally, the basis for taking under a thirty-year acquisitive prescription is found in LSA-C.C. Articles 3493 and 3494, which articles read as follows:
Article 3493:
“The possessor is allowed to make the sum of possession necessary to prescribe, by adding to his own possession that of his author, in whatever manner he may have succeeded him, whether by an universal or particular, a lucrative or an onerous title.”
Article 3494:
“By the word author in the preceding article, is understood the person from whom another derives his right, whether by a universal title, as by. succession, or by particular title, as by sale, by donation, or any other title, onerous or gratuitous.
“Thus, in every species of prescription, the possession of the heir may be joined to that of the ancestor, and the possession of the buyer to that of the seller.”
That these articles require the specific acquisition of the right of possession of a predecessor in title before that possession can be tacked on to that of a successor in title is not open to argument. Stutson v. McGee, 241 La. 646, 130 So.2d 403 (1961), and citations therein. Since it is without question that Kilchrist’s title did not extend beyond the coulee to cover the disputed tract up to the fence bordering Louisiana Highway 83, he obviously cannot avail himself of the provisions of the above cited articles.
Mr. Kilchrist contends, however, that his claim is based upon the provisions of LSA-C.C. 852. Although that article belongs to that part of our Civil Code pertaining to the establishment of boundaries between adjoining tracts of land, our courts have allowed it as a means of acquiring land by the prescription of thirty years. Motty v. Broussard, 201 So.2d 293 (La.App.3d Cir., 1967), and citations therein.
LSA-C.C. Article 852 provides:
“Whether the titles, exhibited by the parties, whose lands are to be limited, consist of primitive concessions or other acts by which property may be transferred, if it be proved that the person whose title is of the latest date, or those under whom he holds, have enjoyed, in good or bad faith, uninterrupted possession during thirty years, of any quantity of land beyond that mentioned in his title, he will be permitted to retain it, and his neighbor, though he have a more ancient title, will only have a right to the excess; for if one can not prescribe against his own title, he can prescribe beyond his title or for more than it calls for, provided it be by thirty years possession.”
The primary difference in requisites for the establishment of prescription under Article 852, and Article 3499, is the absence in the former of the need of privity of title to tack on the possession of a predecessor. That this is a recognized principle of our law is exemplified by our language in the case of Stanford v. Robertson, 144 So.2d 747 (La.App.3d Cir., 1962), as follows:
“Civil Code Article 852 provides for the obtaining of ownership by prescription to land beyond that to which the possessor has record title, by thirty years’ uninterrupted possession up to a visible boundary. Sessum v. Hemperley, 233 La. 444, 96 So.2d 832, noted at 18 La.L.Rev. 742 (1958) and 32 Tul.L.Rev. 324 (1958); *28 Chaney, Prescription under Article 852, 13 La.L.Rev. 582 (1953). Civil Code Article 3499 provides for obtaining a prescriptive title by thirty years’ adverse possession ‘as owner’. Some of the differences between obtaining prescriptive title by thirty years’ possession under Civil Code Article 852, as compared with obtaining it under Civil Code Article 3499, are discussed in the classic decision of Opdenwyer v. Brown, 155 La. 617, 99 So. 482, as well as recently by this court in Baudin v. Charrier, La.App., 137 So. 2d 440.
“One of the chief differences concerns the circumstances under which the present possessor pleading the prescription in question can tack on the possession of his authors in title, in order to make up the requisite thirty years of adverse possession.
“Under LSA-C.C. art. 3499, the possession of the predecessors in title cannot be added to that of the present possessor, unless the title of the present possessor includes the property in dispute, else there is no privity of estate such as is necessary to make up the thirty years adverse possession ‘as owner’. Stutson v. McGee, 241 La. 646, 130 So.2d 403; Comment, ‘Tacking of Possession for Acquisitive Prescription, 8 La.L.Rev. 105 (1947). On the other hand, under LSA-C.C. Art. 852, the tacking of successive possessions up to the established visible bound between two estates is permitted, whether or not the land in dispute is included within the title description of the party pleading prescriptive title under this article. Opdenwyer v. Brown, 155 La. 617, 99 So. 482; Mills v. Butler, La.App., 1 Cir., 131 So.2d 262; Henly v. Kask, La.App.Orl., 11 So.2d 230. See also Chaney, Prescription under Article 852, 13 La.L.Rev. 582 (1953), and Baudin v. Charrier, La.App., 3 Cir., 137 So. 2d 440.” (Underlined words in italics.)
As was noted in the Motty case, supra, under the provisions of Article 852, one who maintains uninterrupted possession of property within existing visible bounds during thirty years can retain the quantity so possessed by him though it is beyond or more than that called for by his title. In order for the possessor to acquire ownership under that article, two conditions must occur: First, there must be a visible boundary, artificial or otherwise; and second, there must be actual, uninterrupted possession either in person or through ancestors in title for thirty years or more of the land extending beyond that described in the title, which extent must be embraced within visible bounds. Sessum v. Hemperley, 233 La. 444, 96 So.2d 832 (1957); Hinckley v. Francisco, 189 So.2d 296 (La.App.3d Cir., 1966); and Ponder v. Fussell, 180 So.2d 413 (La.App.1st Cir., 1965).
As to what we shall call the first requisite of prescription under Article 852, that of sufficient possession, we note that the record abounds with evidence of the fact that both Mr. Kilchrist and his ancestors in title did in fact possess up to the fence bordering on Louisiana Highway 83. A multitude of witnesses living and working in and around the area testified that the disputed land was used by Mr. Kil-christ and Mr. Olivier and his heirs as pasturage for cattle. They maintained the fences, cut some trees, and in the view of the witnesses, used the property as best it could be used and considered the property as their own.
Admitted into evidence were numerous right of way grants and mineral leases granted by Mr. Kilchrist and his ancestors in title in which the western boundary of the property was described as Louisiana Highway 83, thus indicating that he owned up to the fence.
Defendant-appellees contend that they exercised possession over the tract, and that for a number of years, they granted leases to neighboring land-owners of the disputed tract, and that they also granted *29 mineral leases and rights-of-way to the property in dispute.
After reviewing the evidence, we note only one such instrument executed by Sterling that specifically applies to the property in dispute. A lease was granted by Sterling to Clay Myers in 1952 at a rental of $1.00 per year for garden and pasture purposes. The written lease was never recorded in the public records. It was accepted by “Mrs. Clay Myers”. 'Mr. 'Myers did not sign. However, the evidence shows that in 1952 and 1954 Mr. Myers cultivated a small garden on part of the 1.-32 acre tract in dispute.
As to the Myers lease, Mr. Kilchrist explained that he had given Myers an oral lease, the consideration being one-fifth of all of that produced by the garden, and it was because of his lease that Myers was allowed to use the property. Hence Myers’ possession was under both the Sterling and Kilchrist leases and did not interrupt Kilchrist’s possession.
Of the other leases, we note that none were for the disputed property fronting appellant’s own tract to either appellant or his ancestors in title. All of the other leases consitute rentals of property included in the “strip”, that is the land between Highway 83 and the coulee, but none have to do with that portion of the “strip” fronting appellant’s property and constituting the disputed area in this case.
All things considered, Mr. Kilchrist has proven that he and his ancestors in title have had uninterrupted possession of the property up to the fence constituting the western boundary of the disputed area for a period of over thirty years.
Having found the required possession we go on to discuss the second requirement, that of marking the extent of his possession by visible bounds.
It is without question that the fence bordering Louisiana Highway 83 connects with other fences bordering on Mr. Kil-christ’s entire tract so that his fence constitutes one continuous, uninterrupted fence surrounding the defendant-appellant’s property. The “second fence”, supposedly east of the coulee, and between the coulee and the crops that were planted from time to time on defendant-appellant’s property, was testified to by only one witness, a Mr. Morris. Mr. Morris testified that he had worked in 1918 for Mr. Jules Olivier. The record does not tell us how long thereafter he continued working, but we note that Mr. Olivier died in 1937. Only in passing on the subject of the fence near the road did Mr. Morris testify that there was “another fence” on the “sun-up” or east side of the coulee. The purpose of this fence was supposedly to keep the cattle out of the planted fields. Mr. Morris did not testify as to what type of fence it was, or as to how long this fence was allowed to exist. It could have been on the basis of this testimony that the trial judge decided that there was a fence which caused the property not to constitute one continuous tract of land up to the fence bordering Louisiana Highway 83.
After a review of the record, we feel that the evidence of this “second fence” has been far out-weighed by the testimony of all of the defendant-appellant’s witnesses who testified that they knew of no other fence other than the one west of the coulee, that is bordering Louisiana Highway 83. Assuming for the point of argument that Mr. Morris was correct, and that at one time there was a fence, we feel the record discloses that his employment terminated at least with the death of Jules Olivier in 1937, and for that reason the fence would not disturb defendant’s possession by visible boundaries through his ancestors in title for the eleven years necessary.
As well, we do not find that the presence of the coulee is significant as a dividing line of the property being possessed by Mr. Kilchrist or his ancestors in title, in that until fairly recently it was only a shallow elongated depression often completely dry. The police jury dug the coulee to create a drainage canal, and this is what *30 gives it any prominence today as a topographical feature. In view of the fact that Mr. Kilchrist had one continuous fence surrounding the property he possessed, we do not feel that the coulee constituted any type of dismemberment of that possession.
In summary, under the facts as we have found them, Mr. Kilchrist’s special plea of acquisitive prescription of thirty years under LSA-C.C. 852, we feel, must be sustained.
Kilchrist and his authors in title have enjoyed uninterrupted, corporal possession as owners, during thirty years, of the land beyond their title up to the fence bordering Louisiana Highway 83. Under the jurisprudence, particularly the case of Stanford v. Robertson, supra, the defendant-appellant has fulfilled all the requirements necessary to establish that he is the owner.
For the reasons assigned, the decision of the district court is hereby reversed.
It is hereby ordered, adjudged, and decreed, that there is judgment herein in favor of Louis F. Kilchrist, and against Sterling Sugars, Inc., decreeing Louis F. Kilchrist to be the owner and possessor of the following described property, to wit:
“That certain tract of land in Iberia Parish, Louisiana, containing and measuring one and thirty two one hundredths (1.32) acres, bounded North by Velma Moity, et al, South by land of Sterling Sugars, Inc., East by the center line of Peebles Coulee, and West by Louisiana Highway 83, being that tract shown as containing 1.32 acres on that plat of survey made by R. B. Marie, Land Survey- or, dated September 26, 1966, filed in evidence in the suit of State of Louisiana through the Department of Highways vs. Louis F. Kilchrist, et al, No. 25,583, of the 16th Judicial District Court, Iberia Parish, Louisiana.
It is further ordered, adjudged and decreed that upon the trial of this cause on the issue of evaluation of property taken, that Louis A. Kilchrist will be entitled to the award covering the 1.32 acre tract above described.
Costs to be paid by defendant-appellees, Sterling Sugars, Inc.
Reversed and rendered.
On Application for Rehearing.
En Banc. Rehearing denied.