## HOOD v. GLASS et al.
### No. 6109.

Court of Appeal of Louisiana.
Second Circuit.

June 10, 1940.

Rehearing Denied July 5, 1940.

Certiorari Refused Oct. 9, 1940.

R. D. Watkins, of Minden, for appellants.

Kennon & Kitchens, of Minden, for appellee.

HAMITER, Judge.

Plaintiff, on November 14, 1929, signed and delivered to Alberta Glass a promissory note for $330 due one year after date; and as security therefor he executed a mortgage on 57 acres of land located in Webster Parish, Louisiana, this being his place of residence. Continuously since that time he has resided on the property.

Previous to the death of Alberta Glass, which occurred in January, 1937, plaintiff made two payments on the mortgage indebtedness. One of these was for $30 on October 7, 1930, and the other $20 on November 12, 1936. Thereafter he paid to decedent's heirs, who are the defendants herein, the following sums: November 1, 1937, $40; November 5, 1938, $20; November 25, 1938, $10.

On November 17, 1934, the above-mentioned property was adjudicated at tax sale to the said Alberta Glass for the delinquent taxes due to the State of Louisiana and the Parish of Webster for the years 1930 and 1933. The adjudicatee paid the 1934 taxes.

Written applications for exemption of the property from taxes for 1935, 1936 and 1937, by reason of its being a homestead, were timely filed by plaintiff with the proper authority. They were favorably acted upon. The assessment from 1929 through 1937 stood in plaintiff's name.

In 1938 he again applied for the exemption benefits, but his written application was denied. It does not appear that he was notified of the action. This denial occurred for the reason that defendants were assessed with the property for 1938. They paid the taxes for that year on January 10, 1939, after receiving a notice of delinquency.

During the early part of March, 1939, plaintiff sought to file application for an exemption for 1939. He was then informed that his property had been sold at tax sale in 1934 to Alberta Glass.

On April 5, 1939, plaintiff, through his attorney, offered to pay to defendants the amount due and owing under the mortgage note and to reimburse them for all taxes and costs previously paid respecting the property, this to be in consideration of their executing a redemption deed and delivering the note to him. His offer was refused.

Following such refusal, plaintiff instituted this suit praying for judgment against defendants decreeing the tax sale held November 17, 1934, to be null and void. He further prays to be recognized as owner of the property; that defendants be ordered to accept the sums previously offered them and to make delivery to him of a redemption deed and the mortgage note.

Plaintiff alleges in his petition, inter alia: "That during the year 1934, after the property had been advertised for sale in Webster Parish, petitioner went to see Mr. Alberta Glass about paying the taxes on his said land, which was advertised for sale for its taxes for the year 1933 and the balance of the deferred payments for the year 1930; that petitioner was unable at that time to pay his note or the taxes which were due; that he discussed the matter with Mr. Alberta Glass, who assured him that he would take care of his said taxes and that said property would not sell for its taxes; that, relying on this assurance, petitioner did not pay the taxes or make any further effort to have same paid and did not attend the sale of taxes for that year and had no knowledge that said property had been sold for its taxes."

Defendants tendered and filed exceptions of no cause and no right of action. These were overruled. They are not urged in this court.

In the answer, defendants assert the regularity and legality of the tax sale to their father. They further aver, "that they have committed no illegal act in accepting payments on the said promissory note as same is legally due and owing by the plaintiff as an obligation of his, without, however, any security for the payment thereof, being by operation of law an open promissory note."

Defendants pray for a rejection of plaintiff's demands, and that they be recognized as owners of the property. Alternatively, and by way of reconvention, they ask judgment in their favor on the mortgage indebtedness and on their claim for taxes and costs paid.

The case was regularly tried; and the district court ordered the setting aside of the tax sale, as plaintiff prayed. It also decreed judgment in favor of defendants on their alternative reconventional demand.

Defendants are prosecuting this appeal.

The gravamen of appellants' complaint, as we appreciate it, concerns the trial court's admitting in evidence and giving weight to the testimony of plaintiff regarding the understanding that he allegedly had with decedent Alberta Glass in the year 1934. Plaintiff was permitted to testify, over objections urged by defense counsel, that while the tax notices were being published in 1934 he informed the mortgage creditor of his inability to pay the delinquent taxes and that the property was being advertised. Mr. Glass, according to such testimony, then agreed to satisfy the taxes and prevent the sale. Plaintiff did not attend the tax sale and knew nothing of the adjudication until March of the year 1939.

In support of his contention that the evidence was improperly admitted, counsel for defendants cites and quotes in his brief Section 1 of Act No. 11 of 1926, which reads: "That parol evidence shall be incompetent and inadmissible to prove any debt or liability upon the part of a party deceased, if a suit upon the asserted indebtedness or liability shall have been brought more than twelve (12) months after the death of the deceased."

In referring to that statutory provision and to the assailed testimony of plaintiff, the trial judge, in his written reasons for judgment, comments as follows:

"In my opinion the evidence is admissible. It is not an effort to prove any debt against the deceased. Purported statements of deceased persons are weak evidence, but are admissible in evidence.

"I am of the opinion that Mr. Glass promised to pay the taxes for him, and not to let the property sell at tax sale, and that plaintiff is telling the truth when he says he only learned of the tax sale in March, 1939, when he made application for tax exemption."

It is also our view that the testimony was not offered in proof of any debt or liability of the deceased mortgage creditor, and such was, therefore, not rendered inadmissible by the above-quoted provisions of the named statute. The evidence related only to a declaration or admission against the interest of Mr. Glass; and it was legally admissible for such purpose. Testimony of that character, when standing alone, is entitled to little consideration and should be received with caution, the reason for this being that it is so easily fabricated. The objection, however, concerns the weight, rather than the competency, thereof. 20 American Jurisprudence, verbo, "Evidence", § 608.

The oral proof given by plaintiff is not entirely uncorroborated. The payments made by him after 1934, being four in number and totaling $90, and also the yearly attention which he gave to the filing of written applications for the homestead tax exemptions, serve to substantiate his assertion of the agreement's existence and of his lack of knowledge of the tax sale.

The equities of the case, which are certainly in plaintiff's favor, and the discussed testimony and corroborating circumstances combine to convince us of the correctness of the trial court's decision.

Accordingly, the judgment appealed from is affirmed.

DREW, J., dissents.