180 So.2d 413 (1965)
L. B. PONDER, Jr.
v.
Willie S. FUSSELL.
No. 6457.
Court of Appeal of Louisiana, First Circuit.
November 16, 1965.
*414 J. Lynn Ponder, Amite, for appellant.
Fannie E. Burch, Amite, for appellee.
Before ELLIS, LOTTINGER, LANDRY, REID and BAILES, JJ.
LANDRY, Judge.
This is a possessory action instituted by plaintiff, L. B. Ponder, Sr., and converted by the answer and supplemental pleading of defendant, Willie S. Fussell, into a petitory action coupled with a reconventional demand for damages allegedly due on the ground the initial action is frivolous and constitutes legal harassment. In bar of defendant's petitory action, plaintiff invokes the prescription of thirty years. From a judgment rejecting plaintiff's demands, casting plaintiff for costs and recognizing defendant as owner of the disputed property, plaintiff has appealed. Defendant has answered the appeal reurging his claim for damages and asserting the additional claim to damages for an allegedly frivolous appeal.
The principal questions posed herein are whether there can be a "tacking" of possession to sustain appellant's plea of thirty-years prescription and whether plaintiff has proved the quality and extent of possession required to support his plea of prescription. Incidental to these main issues are certain propositions hereinafter set forth.
The events and circumstances leading to this present litigation are as follows: In 1950, appellant acquired Lot 13, Square 40, having a front of 50 feet on the East side of First Street in the Town of Amite, Parish of Tangipahoa. Adjoining plaintiff's *415 said property on the South is Lot 12, Square 40, a corner lot, fronting Palmetto Street on the South and First Street on the West, acquired by defendant in 1935. As of the date plaintiff instituted this action, a house was situated on appellant's lot in such position that it encroached four feet upon Lot 12 for the entire depth of the structure which was forty feet. Although plaintiff initially contended the eaves of the residence extended an additional two feet, by stipulation appearing of record, he has abandoned all claims to any encroachment in excess of four feet. The evidence of record is overwhelmingly to the effect the house in question occupied the mentioned location for an undetermined time preceding the year 1916. In March, 1955, within a year of the filing of this action, defendant constructed a fence one foot south of the common boundary between the adjoining estates according to the titles of the respective owners. Appellee constructed the aforesaid fence with an offset around that portion of plaintiff's house which extended south of the north lot line of Lot 12.
Subsequent to filing suit, appellant caused a survey to be made by O. C. Hollister, Registered Surveyor, showing the location of the house and fence with respect to the common boundary between the abutting properties. The map of said survey, appearing of record herein, is accepted by appellant and appellee alike as accurate and correct in all respects. After Hollister's survey, appellant found it necessary to repair the residence which plaintiff rented to certain tenants. However, close inspection disclosed the cost of repairs would exceed the cost of a new house. This revelation prompted appellant to demolish the residence and construct a new house no portion of which is located on the property in controversy herein. This latter circumstance is of no consequence, however, inasmuch as appellant has not abandoned his claim to the property in dispute but rather, on the contrary, has vigorously asserted his claim thereto on this appeal.
Defendant's assertion of title in converting the suit into a petitory action constitutes judicial confession of appellant's possession. LSA-C.C.P. Article 3657. On the other hand, defendant's record title was conceded by plaintiff's reliance upon the prescription of 30 years pursuant to Articles 852 and 3499 LSA-C.C. and the prescription of 20 years under LSA-C.C. Article 853 in defense of appellee's claim of ownership.
In disposing of appellant's plea of 20 years prescription provided by LSA-C.C. Article 853, it suffices to say appellant failed to show the boundary between the properties had been fixed more than twenty years previously according to a surveyor's measure. It is to be noted LSA-C.C. Article 853 provides for the rectification of an erroneous survey and for the prescription of an action to correct such errors in ten years if the parties are present, and twenty years if they are absent. The cited article is clearly inapposite to the case at bar considering appellant has not shown a previous survey more than 20 years prior to institution of suit. See Scott v. Blanton, La.App., 115 So.2d 658. Able counsel for appellant cites Crow v. Braley, La.App., 47 So.2d 357, but our examination of said authority reveals it deals with the prescription of thirty years and specifically states "the judgment with respect to the pleas of ten and twenty years is no longer at issue."
Regarding appellant's pleas of thirty years prescription, appellee maintains that since plaintiff's title does not include the disputed area by description, plaintiff cannot show possession antedating his acquisition and neither can plaintiff tack the possession of his predecessors in title to his own to establish thirty years continuous possession. As previously shown, plaintiff has been in possession only since 1950.
In resolving the question of thirty years prescription posed by appellant, it must be noted that a distinction exists between the prescription of thirty years provided by *416 LSA-C.C. Article 3499 and that set forth in LSA-C.C. Article 852. The cited articles read as follows:
"Art. 3499. Immovables, possession without title or good faith
Art. 3499. The ownership of immovables is prescribed for by thirty years without any need of title or possession in good faith.
Art. 852. Acquisitive prescription beyond title
Art. 852. Whether the titles, exhibited by the parties, whose lands are to be limited, consist of primitive concessions of other acts by which property may be transferred, if it be proved that the person whose title is of the latest date, or those under whom he holds, have enjoyed, in good or bad faith, uninterrupted possession during thirty years, of any quantity of land beyond that mentioned in his title, he will be permitted to retain it, and his neighbor, though he have a more ancient title, will only have a right to the excess; for if one can not prescribe against his own title, he can prescribe beyond his title or for more than it calls for, provided it be by thirty years possession."
Although Article 852, supra, relates in general to disputed boundaries, it is now well settled that the prescriptive period therein provided may be pleaded in defense of a petitory action. Sattler v. Pellichino, La.App., 71 So.2d 689; Nelken v. Aldredge, La.App., 128 So.2d 843; Stanford v. Robertson, La.App., 144 So.2d 747. As correctly pointed out by our esteemed colleague below, different rules obtain regarding the tacking of possession in the application of LSA-C.C. Articles 852 and 3499. We note in Stanford v. Robertson, La.App., 144 So.2d 747, the following language which clearly and succinctly explains the aforesaid distinction thusly:
"Under LSA-C.C. art. 3499, the possession of the predecessors in title cannot be added to that of the present possessor, unless the title of the present possessor includes the property in dispute, else there is no privity of estate such as is necessary to make up the thirty years adverse possession `as owner'. Stutson v. McGee, 241 La. 646, 130 So.2d 403; Comment, `Tacking of Possession for Acquisitive Prescription', 8 La.L.Rev. 105 (1947). On the other hand, under LSA-C.C. Art. 852, the tacking of successive possessions up to the established visible bound between two estates is permitted, whether or not the land in dispute is included within the title description of the party pleading prescriptive title under this article. Opdenwyer v. Brown, 155 La. 617, 99 So. 482; Mills v. Butler, La.App., 1 Cir., 131 So.2d 262; Henly v. Kask, La. App.Orl., 11 So.2d 230. See also Chaney, Prescription under Article 852, 13 La.L.Rev. 582 (1953), and Baudin v. Charrier, La.App., 3 Cir., 137 So.2d 440."
It follows, therefore, plaintiff herein may not avail himself of the provisions of LSA-C.C. Article 3499 because his title concededly does not describe the disputed area and his own possession commenced less than thirty years prior to institution of his suit.
There remains appellant's plea of thirty years prescription pursuant to LSA-C.C. Article 852. The party relying on this codal authority must establish two requisites: "First, there must be a visible boundary, artificial or otherwise; second, there must be actual uninterrupted possession, either in person or through ancestors in title, for thirty years or more of the land extending beyond that described in the title and embraced within the visible bounds." Sessum v. Hemperley, 233 La. 444, 96 So.2d 832. Needless to say the *417 possession contemplated must be as owner, either adverse to the claims of another, or with the consent of the adjoining owner who is satisfied with the visible bounds as the line of demarcation between the abutting properties.
Appellee stoutly maintains the encroachment of plaintiff's house on his property was by sufferance and that plaintiff's ancestors in title did not claim ownership of the disputed area. While our learned brother below noted appellee's said contention, he rejected appellant's plea of prescription under article 852 on the ground plaintiff failed to prove possession to a visible boundary. On this issue, the evidence shows a fence once existed on the south of appellant's building between the two estates. The evidence, however, does not disclose with any degree of certainty the character of the fence, its location or the length of time it remained standing. As correctly found by the trial court, the only fence shown to have any lengthy or substantial duration was the one built by defendant between the properties along a line east and west starting from an old iron pin situated 1.2 feet south of the north boundary of Lot 12, which fence was constructed by defendant in 1955. This latter fence is the one which disturbed appellant's possession and precipitated plaintiff's initial possessory action.
Our learned colleague below was of the opinion the encroachment of the residence on only a portion of defendant's lot would not suffice to qualify as a boundary between the two estates. On this ground he concluded plaintiff failed to establish the essential requirement of possession to a "visible boundary" as required by Sessum v. Hemperley, supra, and other authorities which have applied the provisions of LSA-C.C. Article 852. In so holding, we believe our esteemed brother below fell into error.
Our careful consideration of LSA-C.C. Article 852 and the numerous authorities which have interpreted its provisions, discloses nothing to indicate the required possession must be along a tangent, or that the possessor cannot acquire beyond his title unless his occupation extends to a visible boundary running the entire length of the common line of demarcation. We observe the applicable article expressly states "any quantity of land beyond that mentioned in his title." The jurisprudential requirement of possession to a visible boundary is based on the necessity of a tangible indication of the extent and limits of the possessor's claims. Certainly the side of a house or other building is a "visible boundary" within the meaning of the term as contemplated by the applicable authorities. It is abundantly clear from the evidence of record that the house situated on plaintiff's lot encroached upon defendant's property continuously for a period well in excess of thirty years preceding the date of filing of this lawsuit.
Nevertheless, defendant contends plaintiff and his predecessors did not possess as owners but merely by sufferance. In this connection, appellee testified that one W. S. McIntyre, the owner of Lot 13 when defendant acquired Lot 12, always recognized that his house encroached on Lot 12 and remained so with defendant's indulgence which forbearance permitted the structure to occupy its original location. In addition, appellee testified he had certain conversations with McIntyre, and later with his heirs, relative to the possibility of Lot 13 being eventually sold to appellee. It appears that the McIntyres are now deceased. The conversations relative to defendant's attempts to purchase Lot 13 or the McIntyre's desire to sell, are irrelevant inasmuch as defendant's desire to purchase or the McIntyre's desire to sell has no bearing on the issue of whether McIntyre possessed a portion of Lot 12 as owner. Moreover, it is well settled that the declarations against interest of persons since deceased, although admissible in actions against his heirs or persons claiming through him, are the weakest kind of evidence. Such testimony is subject to the *418 most careful scrutiny and, when standing alone, is entitled to little consideration. Hood v. Glass, La.App., 198 So. 543; Abunza v. Olivier, 230 La. 445, 88 So.2d 815. In the instant case, defendant's testimony in this regard is uncorroborated. Standing alone it is insufficient to support appellee's contention the encroachment shown was by sufferance.
It has been held that the construction of improvements such as a sawmill and boarding house are acts of possession sufficient to support a plea of acquisitive prescription. Finley v. Louisiana Central Lumber Co., 204 La. 1058, 16 So.2d 839; Robertson v. Morgan, La.App., 116 So.2d 141. As a general rule the construction of a building is an act indicative of assertion of ownership to the land on which it is situated, absent a prior contrary agreement between the interested parties because, by right of accession, the landowner is vested with certain prerogatives with respect to the structure erected on his premises by another. See LSA-C.C. Articles 504 and 508. Notwithstanding the provisions of LSA-C.C. Article 508, it is well established jurisprudence that when one constructs a building partially on the land of his neighbor, the owner of the land on which the edifice encroaches is relegated to the right to demand removal of that portion of the structure which encroaches on his property. Gordon v. Fahrenberg & Penn, 26 La.Ann. 366. The landowner's right to require removal of the offending structure does not alter the fact that the builder, whose construction encroaches on his neighbor, erected the improvement either in the erroneous belief he owns the land or with the deliberate intent to take possession of the adjoining property in bad faith. In either such instance, the builder possesses as owner. It is inconceivable that a person would construct a building on his neighbor's property under any other circumstances in the absence of a contrary explicit agreement. Under the provisions of LSA-C.C. Article 852, the landowner who suffers the adverse possession for more than thirty years loses his proprietorship.
The record before us is barren of any credible evidence indicating agreement between the adjoining landowners to preserve the separate ownership of the house and land. On the contrary, the evidence preponderates in favor of the conclusion both plaintiff and his predecessors in title claimed ownership of the land on which the residence stood for more than thirty years.
It follows that appellant's plea of thirty years prescription provided by LSA-C.C. Article 852 must be sustained as to that portion of Lot 12 actually occupied by the house.
The conclusions herein reached obviate the necessity of passing upon defendant's claims for damages.
Accordingly, it is ordered, adjudged and decreed the judgment of the trial court be and the same is hereby amended and judgment rendered herein in favor of plaintiff-appellant L. B. Ponder, Sr. and against defendant-appellee Willie S. Fussell declaring and recognizing said plaintiff to be the owner and as such entitled to possession of the following described property, to-wit:
That certain portion of Lot 12, Square 40, Town of Amite, Parish of Tangipahoa, Louisiana, measuring four (4') by forty (40') feet, said parcel to commence at a point on the north boundary of said Lot 12, forty-three (43') feet east of the western boundary of said lot, thence four (4') feet south, thence forty (40') feet east along a line parallel to the north boundary of said Lot 12, thence northerly four (4') feet to the northern boundary of said Lot 12, and thence westerly along the northern boundary of said Lot 12 a distance of forty (40') feet to the point of beginning.
It is further ordered, adjudged and decreed that except for the above described *419 parcel of land, the ownership of defendant Willie S. Fussell of Lot 12 is recognized and preserved according to his title.
It is further ordered, adjudged and decreed that all costs of this litigation, including costs of appeal, are to be paid equally by appellant and appellee.
Amended and affirmed.