428 So.2d 1087 (1983)
Eva Wilson BRIGGS, et al.
v.
Louis J. PELLERIN, et al.
No. 82 CA 0422.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
*1088 Charles M. Reid, Amite, for plaintiff-appellee.
Ron S. Macaluso, Hammond, for defendant-appellant Louis J. Pellerin and Margaret Pellerin.
Gail K. Sheffield, Amite, for defendant, Tangipahoa Parish Police Jury.
Before EDWARDS, WATKINS and SHORTESS, JJ.
SHORTESS, Judge.
This is a boundary action. The parties are owners of contiguous tracts of land in Tangipahoa Parish, Louisiana. On October 16, 1979, Eva Wilson Briggs and Henry Briggs (plaintiffs) filed suit against Louis J. Pellerin and Margaret Pohl Pellerin (defendants) to fix their common boundary. Defendants filed an answer and reconventional demand. They asserted possession for over thirty years and prayed to be recognized as the owners of the property in question. The trial judge found that defendants (plaintiffs in reconvention) failed to prove that their ancestors in title had possessed as owners for the requisite thirty year period and held that defendants' ownership on their west property line was not to exceed the property description in their deed.[1]
The dispute basically involves the location of a fence. Plaintiffs claim that said fence encroaches on their property, while defendants assert that they have acquired the additional land by acquisitive prescription. The disputed area varies from 35.9 feet to 52.8 feet in width and runs the entire 1,346.76-foot length of the common boundary.
The record indicates that the parties have record title to adjoining tracts of land. Defendants acquired title in 1962 from Bryce Statham who had acquired from George W. Statham in 1951. Plaintiff Eva Wilson Briggs acquired by inheritance from her father, James Wilson, in 1974.
Mrs. Bryce Statham testified that she and her husband purchased their property from George Statham in 1951; that she was familiar with the property before they purchased it; that she was aware of the fence which she said was on the property when George Statham was the owner; that they built a house and put a pond on the property close to the fence; and that she had no knowledge that the fence was not on the property line.
Defendant Margaret Pellerin testified that when she and her husband purchased the property from the Bryce Stathams in 1962, she believed the fence was the western boundary line. Defendants have maintained the fence because they have cattle. In addition, they have raked and cleared the property in dispute since their acquisition.
Hayden J. Dees testified that he formerly owned the property that joined the Statham's *1089 property. He stated that in the late 1940's he heard a conversation between James Wilson and George Statham prompted by a survey performed by W.A. Tycer. Dees recalled that:
"Both acknowledged in front of me that the fencethey knew the fence was not on the line. Theythey made the statement that we know where the line is, so let's don't worry about where the fence is, ..."
Dees' testimony that the ancestors in title never recognized the fence as being the boundary line was corroborated by the testimony of Elmer Wilson, Albert Wilson[2], and Alexander Jackson.
Defendants assert that the trial court erred (1) in finding that defendants had not acquired the property by thirty years acquisitive prescription, (2) in admitting the testimony of Hayden Dees over the objection of counsel, and (3) in relying upon the H.C. Sanders survey which was performed at plaintiffs' request prior to trial.
The Louisiana Civil Code provides in pertinent part:
"The court shall fix the boundary according to the ownership of the parties; if neither party proves ownership, the boundary shall be fixed according to limits established by possession." La.C.C. Art. 792
"When a party proves acquisitive prescription, the boundary shall be fixed according to limits established by prescription rather than titles. If a party and his ancestors in title possessed for thirty years without interruption, within visible bounds, more land than their title called for, the boundary shall be fixed along these bounds." La.C.C. Art. 794
The record reveals that the disputed property has been fenced for more than thirty years. Thus, defendants have established actual physical possession. However, this alone is insufficient to acquire by prescription. The attributes essential for thirty years acquisitive prescription include continuous, uninterrupted, public, and unequivocal possession under the title of owner, although just title and good faith are not required. La.C.C. Arts. 3499, 3500. To acquire the ownership of property, not only must corporeal possession exist, but also an intention to possess as owner must be present. La.C.C. Art. 3436. The crucial issue in this case is when and if adverse possession began.
The party who makes the plea of acquisitive prescription bears the burden of proving all of the facts that are essential to support it. Levatino v. Williams, 396 So.2d 380 (La.App. 1st Cir.1981).[3] Defendants have not offered sufficient evidence to establish when adverse possession began. In contrast, Hayden J. Dees testified that he heard a conversation between the ancestors in title which indicated that defendants' ancestors never intended to possess as owners. He stated that the ancestors in title for both sides were aware that the fence was not on the boundary line, but that they were unconcerned about it.
Those who possess through the indulgence of another person do not obtain the right of prescribing. La.C.C. Art. 3490. In addition, those who acknowledge another as owner cannot acquire the legal possession because their possession is not accompanied by the intention to possess for themselves. La.C.C. Art. 3441.
Here, defendants had to prove that their ancestors in title possessed as owners from at least October 16, 1949. The trial judge considered the testimony of Hayden *1090 Dees as well as the testimony of some of plaintiffs' relatives. This testimony supports plaintiffs' contention that defendants' ancestors did not adversely possess the disputed property. Said possession was merely through the sufferance of plaintiffs' ancestors. The determination of whether or not defendants have met their burden of proving continuous, uninterrupted, public and unequivocal possession as owners for more than thirty years involves a factual resolution. A.M. Edwards Co. v. Dunnington, 58 So.2d 225 (La.App. 1st Cir.1952). Based on the record, we agree with the trial judge's conclusion that defendants failed to establish adverse possession.
Defendants contend that the trial judge erroneously admitted the hearsay testimony of Hayden Dees over the objection of counsel. An important exception to the hearsay rule makes admissible declarations against interest. The fact that the declaration is against the pecuniary or proprietary interest of the declarant safeguards the reliability of such evidence. Campbell v. American Home Assurance Company, 260 La. 1047, 258 So.2d 81 (1972). To qualify under the declaration against interest exception to the hearsay rule, a statement must have been made by a person now unavailable. Guidry v. Houston General Ins. Co., 396 So.2d 578 (La.App. 3rd Cir. 1981). In the present case, the death of George Statham rendered him unavailable for testimony in court. Furthermore, his statement that he knew the fence was not on the boundary line constituted a statement against his interest. Therefore, the trial judge did not err in admitting the testimony of Dees.[4]
Defendants' final contention is that the trial judge erred in relying upon a survey done by H.C. Sanders. This survey was performed at the request of plaintiffs prior to the trial of this matter. The Louisiana Code of Civil Procedure, Article 3692, provides that:
"The court may appoint a surveyor to inspect the lands and to make plans in accordance with the prevailing standards and practices of his profession indicating the respective contentions of the parties." (Emphasis ours)
The comments to this article explain that the appointment of a surveyor is within the discretion of the court; and that since the parties in a boundary action may submit surveys, the court may be able to reach a decision without the assistance of a court-appointed surveyor. The trial judge is not required to appoint a surveyor.[5]
Louisiana Code of Civil Procedure Article 3693 provides:
"After considering the evidence, including the testimony and exhibits of a surveyor or other expert appointed by the court or by a party, the court shall render judgment fixing the boundary between the contiguous lands in accordance with the ownership or possession of the parties."
In the instant case, the trial judge considered the H.C. Sanders survey in conjunction with the testimony of Hayden Dees, the testimony of other witnesses, and the entire record. "The determination of a disputed boundary is a question of fact which should not be disturbed on appeal in the absence of manifest error." McCullin v. Sumners, 401 So.2d 458 (La.App. 2nd Cir. 1981), writ denied, 406 So.2d 610 (La.1981), at 461. The trial court was presented with sufficient evidence to determine the location of the boundary and did not err in fixing the boundary as delineated in the survey of H.C. Sanders. Accordingly, the *1091 judgment of the trial court is affirmed at defendants' costs.
AFFIRMED.
NOTES
[1] Plaintiffs' petition further alleged that a road running from Louisiana Highway 10 across plaintiffs' northern boundary to defendants' property had never been dedicated to public use and sought to have the Tangipahoa Parish Police Jury permanently enjoined from interfering with this road. The trial judge found that said police jury had maintained the road for a three-year period, making it public property. This issue has not been raised on appeal and is thus final.
[2] Elmer and Albert Wilson are Eva Briggs' brothers. Albert testified that their father, James Wilson, built the fence about fifty years ago to keep the cows out. He stated:

"See, there it was just one family of peoples there, the Wilsons and the Jacksons. That's why the fence wasn't never put on the line there, `cause it was a family thing. My mother was a Jackson."
[3] The proof required under La.C.C. Art. 794 to fix the boundary according to prescription is the same proof that would be required to prove ownership in a petitory action based on the plea of thirty years acquisitive prescription. Travis v. Lake Superior Piling Co., 401 So.2d 432 (La.App. 1st Cir.1981), writ denied, 406 So.2d 628 (La.1981).
[4] In Ponder v. Fussell, 180 So.2d 413 (La.App. 1st Cir.1965), this court stated that: "... it is well settled that the declarations against interest of persons since deceased, although admissible in actions against his heirs or persons claiming through him, are the weakest kind of evidence. Such testimony is subject to the most careful scrutiny and, when standing alone, is entitled to little consideration." 180 So.2d at 417-418. However, in the instant case, Dees' testimony was corroborated by additional witnesses.
[5] The formalities previously required by Articles 834-837 of the Civil Code have been eliminated.