441 So.2d 1268 (1983)
GENERAL AMERICAN OIL COMPANY OF TEXAS
v.
WILLIAMS, INC., et al.
No. 83 CA 0213.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
Rehearing Denied December 22, 1983.
Writ Denied February 27, 1984.
*1269 Thomas D. Hardeman, Liskow & Lewis, Lafayette, for General American Oil Co. of Texas.
Charles L. Stern, Jr. and Stephen H. Kupperman, Stone, Pigman, Walter, Wittmann & Hutchinson, New Orleans, for Williams, Inc.
James B. Supple, Franklin, for Cyril Hebert, Gabriel Hebert, Sidney Hebert, Milton LaFont, Berthe Hebert Taylor, Richard L. Bourgeois, Emerite B. Oliver, Walter Bourgeois, Sully Bourgeois, Mabel Bourgeois, Ronald Champagne, Andrea C. Thomas, Michael Champagne, Gary Champagne, Roy Champagne, Wilson Bourgeois, Daisy Belle B. Borel and Valerie Hebert Granger.
Daniel T. McKearan, Harahan, for Arvellia B. Torstenson.
Walter J. Senette, Jr., Borne, Rogers & Senette, Franklin, for non-resident Hebert heirs.
Before SHORTESS, LANIER and CRAIN, JJ.
LANIER, Judge.
This is a concursus proceeding instituted by General American Oil Company of Texas (General American) to determine the ownership of an undivided 7/20ths interest in a 106 acre tract of land located in St. Mary Parish, Louisiana, on which General American has numerous oil, gas and mineral leases. Impleaded as parties defendant are Williams, Inc. of Delaware (Williams) and the heirs of Derneville Hebert. In the trial court, the parties stipulated that an undivided 7/20ths interest in the subject property was in contest, that for Williams to prevail it must be successful on its claim of thirty year acquisitive prescriptive as to this 7/20ths interest or, in the alternative, on its plea of good title to a 4/20ths interest, and that the Hebert heirs did not possess the property except for acts of civil possession in 1973 when they granted mineral leases to General American.[1] The trial court determined that Williams acquired *1270 the 7/20ths interest by the acquisitive prescription of thirty years. This devolutive appeal followed.

FACTS
On April 22, 1857, Derneville[2] Hebert obtained a patent from the State of Louisiana for the West ½ of the Southeast ¼ Section 30, Township 14 South, Range 9 East in St. Mary Parish, Louisiana, containing 106.96 acres. Hebert died on January 20, 1896, and was survived by his widow, Udolie Bonin Hebert, and ten children. His succession was opened but no judgment of possession was rendered.
On June 3,1903, Mrs. Hebert purportedly sold the entirety of the property to Charles A. O'Niell. On September 1, 1903, O'Niell purportedly sold the entirety of the property to the Albert Hanson Lumber Company, Ltd. (Hanson).
On September 19, 1904, three of Derneville Hebert's children, namely, Damas, Rosalie and Hortense, sold all of their undivided right, title and interest in the property (3/20ths) to a fourth child, Mrs. Esperie Hebert Bodin. In this conveyance, the property was described as the East ½ of the Southeast ¼ of Section 30, Township 14 South, Range 9 East. On September 27, 1904, Mrs. Esperie Hebert Bodin sold all of her undivided right, title and interest in the property (4/20ths) to Charles A. O'Niell. In this conveyance, the property was described as the East ½ of the Northeast ¼ of Section 30, Township 14 South, Range 9 East. William T. Shinn, an abstractor based in Franklin, Louisiana, testified that his research of the public records of St. Mary Parish revealed that the Derneville Hebert family owned no other property in Township 14 South, Range 9 East, except that described in the patent.
On January 3,1924, Hanson conveyed the property to the F.B. Williams Cypress Company, Ltd. On October 13, 1934, F.B. Williams Cypress Company, Ltd. transferred the subject property to Williams, Inc. of Louisiana in an act of consolidation. On February 21, 1935, Williams, Inc. of Louisiana transferred the subject property to Williams, Inc. of Delaware, the present defendant.

PRESCRIPTION
The Hebert heirs contend that Williams failed to prove adequate possession of the property over a thirty year period to support their plea of prescription and that Williams could not prescribe against them because they are co-owners in indivision.
The ownership of immovable property may be acquired by the prescription of thirty years, even in the absence of title or good faith possession. La.C.C. art. 3499.[3] The possession necessary for this prescription must be continuous, uninterrupted, public, unequivocal and with the intent to be owner. La.C.C. art. 3500;[4]Succession of Kemp v. Robertson, 316 So.2d 919 (La. App. 1st Cir.1975), writ denied 320 So.2d 906 (La.1975). The prescriptive title of thirty years extends only to the property actually possessed by the person pleading it, and what is sufficient possession is determined by the nature of the property. La. C.C. art. 3503;[5] A. Yiannopoulos, Louisiana Civil Law Property, § 212 in 2 Louisiana Civil Law Treatise, 567 (2d ed. 1980). A person claiming this prescription must demonstrate his possession by some external and public sign sufficient to give notice to the public of the character and extent of the possession. Suire v. Primeaux, 363 So.2d 963 (La.App. 3rd Cir.1978), writ denied 365 So.2d 243 (La.1978). The burden of proving the facts essential to support a plea of thirty year acquisitive prescription rests on the party making the plea. Briggs v. Pellerin, 428 So.2d 1087 (La.App. 1st Cir. *1271 1983); Levatino v. Williams, 396 So.2d 380 (La.App. 1st Cir.1981).
Section 30 of Township 14 South, Range 9 East is low, poorly drained swampland not suitable for farming, residential or industrial use or cattle grazing. It is only susceptible to trapping and logging. Williams has not built fences along the boundaries of its property in Section 30 because it is impractical, expensive and unnecessary to do so on swampland. Williams has marked its boundaries by blazing trees along the property line, putting splotches of baby blue paint above the blazes, nailing aluminum tags with the company's initials above the paint and placing posted signs at all avenues of ingress and egress to the property.
Williams blazed and painted its property lines in Section 30 in 1941, 1955, 1966, 1974 and 1980. Williams granted oil, gas and mineral leases on the property in 1951 and 1973. Williams granted a pipeline right-of-way across the property in 1966. Williams granted unrecorded trapping leases on the property for the trapping seasons of 1934-35 and 1935-36. F.B. Williams Cypress Company, Ltd. and Williams, Inc. of Louisiana and Delaware have paid the taxes on the property since 1924. The trial court ruled that this was sufficient evidence of possession to support Williams' plea of thirty year acquisitive prescription. See, for example, Bagby v. Clause, 251 So.2d 172 (La.App. 1st Cir.1971), writ refused 259 La. 773, 252 So.2d 669 (1971); A.B.A. Exploration Gas & Oil Company v. A. Wilbert's Sons Lumber and Shingle Company, 170 So.2d 752 (La.App. 1st Cir.1964). This factual conclusion by the trial court is not clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The law applicable to prescription between co-owners in indivision is correctly and succinctly set forth in Givens v. Givens, 273 So.2d 863, 867 (La.App. 2nd Cir.1973), writ refused 275 So.2d 868 (La.1973), as follows:
The well-settled jurisprudential general rule is that an owner in indivision cannot acquire by prescription the rights of his co-owners in the property held in common. Possession by one co-owner is generally considered as being exercised on behalf of all co-owners....
It is equally well-settled that an exception to the foregoing general rule is recognized in those instances wherein the adversely possessing co-owner gives notice to the other co-owners that he intends to possess contrary to the common interest. Under such circumstances one owner in common may prescribe against a party owning in indivision with him provided such possession be clearly hostile and notice be given thereof....
In determining whether a particular case falls within the exception rather than the general rule it has been held that mere occupancy, use, payment of taxes and similar acts of possession will not suffice to constitute notice of adverse possession to an owner in common....
However, a solid line of cases has developed the rule that where a co-owner goes into and continues possession under a recorded instrument apparently conveying title (even though the purported conveyance be invalid), the recorded instrument together with the acts of possession constitute notice to other co-owners and the possession is then regarded as hostile to the claims of the other co-owners, rebutting any presumption that possession is for the benefit of all co-owners. (Citations omitted).
Williams went into and maintained possession of the property pursuant to a recorded instrument which apparently conveyed title to the whole of the property. Williams blazed and painted the property lines, granted oil, gas and mineral leases, granted a pipeline right-of-way, granted trapping leases and paid the taxes on the property. These acts of possession together with the recorded instrument conveying title constituted adequate notice to the Hebert heirs that Williams' possession was hostile. This evidence by Williams successfully rebutted the presumption that its possession was for the benefit of the Hebert heirs. The trial court's ruling on this issue is correct.

MOOT ISSUES
The Hebert heirs contend in brief that the trial court committed error by allowing *1272 into evidence and considering Williams Exhibit No. 9 (the Nuttall affidavit) and Williams Exhibit No. 30 (the Nuttall letter). Roy H. Nuttall was a licensed surveyor who worked for Williams for many years commencing in 1906. The Nuttall affidavit is not signed by a notary public and is a statement of Nuttall's activities with Williams in Section 30 from 1924 to 1936. The Nuttall letter is dated November 4, 1931, is by Nuttall to Williams and makes some vague references to property which may or may not be that here in question. We have not considered either of these documents in reaching our decision and, accordingly, a review of these evidentiary rulings is moot.
Since we have determined that the trial court's judgment sustaining Williams' plea of thirty year acquisitive prescription is correct, it is not necessary for us to pass on whether or not Williams is entitled to a reformation of the 1904 conveyances by Damas, Rosalie and Hortense Hebert to Esperie Hebert Bodin and from Esperie Hebert Bodin to Charles A. O'Niell.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is correct and is affirmed at the appellants' costs.
AFFIRMED.
NOTES
[1] Apparently, there is no dispute that Williams has record title to 10/20ths of the property. It appears that the Texas Company has a 3/20ths interest in the property, but there are no conveyances of record to show this acquisition.
[2] Hebert's first name is spelled "Demeville" in the patent.
[3] The substance of Article 3499 has been replaced by Article 3486 pursuant to Act 187 of 1982, effective January 1, 1983.
[4] The substance of Article 3500 is now in Articles 3435, 3436 and 3486 pursuant to Act 187 of 1982.
[5] The substance of Article 3503 has been continued in Article 3487 pursuant to Act 187 of 1982.