CULPEPPER, Judge.
This is a petitory action. The plaintiff, Margie Rimmer, filed this suit on December 16, 1975 claiming ownership by record title of 2.28 acres of which she recognizes that the defendant, Sammie E. Jowers, is in possession. Defendant filed an answer denying plaintiff’s record title and a recon-ventional demand alleging ownership by purchase from his father in 1947, or, in the alternative, ownership by the acquisitive prescriptions of 10 and 30 years. The trial judge held plaintiff had not proved record title, good against the world, as required by the plaintiff in a petitory action against a defendant in possession. Judgment was rendered in favor of defendant, dismissing plaintiff’s suit. The judgment does not rule on defendant’s reconventional demand to be recognized as owner. Plaintiff appeals. The defendant has neither appealed nor answered the appeal.
The issues on appeal are: (1) Did plaintiff prove the required record title “good against the world”? (2) Did defendant prove ownership by the acquisitive prescriptions of either 10 or 30 years?
The general facts are that by a deed dated August 8, 1975, the plaintiff purchased from her father, Mac Duffy Hodges, 28 acres of land, described in two tracts, Tract “A” containing 2 acres, and Tract “B” containing 26 acres, according to the plat of a survey by Charles C. Wise, of date, July 24, 1975. The survey by Mr. Wise shows a “Trespass No. 2” on 2.28 acres located in the W/2 of the NE/4 of the NW/4, Section 22, T5N, R4W. The defendant, Sammie Jow-ers, lives in a home which he built on this 2.28 acres after he allegedly purchased it from his father in 1947. On the basis of the “Trespass” on her property by defendant, as shown by Wise’s survey, plaintiff filed the present petitory action claiming ownership by record title of the 2.28 acres shown as “Trespass ¶ 2”. The relevant portion of the plat of Wise’s survey is reproduced below:

*39

The property of which plaintiff claims ownership by record title is the 2.28 acres shown as “Trespass ¶ 2” on the above plat. It fronts 318.8 feet on Louisiana Highway ¶ 8, the road shown on the plat. The 1.0-acre square shown as “Out” is, according to Wise’s survey, in the extreme southeast corner of the W/2 of the NE/4 of the NW/4 of Section 22, and is not part of the property claimed by plaintiff. The garden and dwellings noted on “Trespass ¶ 2” are those of the defendant, Sammie E. Jowers. As stated above, plaintiff admits in her petition that the defendant Jowers is in possession of the 2.28 acres which plaintiff claims. “Tract “A” containing 2 acres, is the tract fronting 200 feet on Highway 8. The tract fronting 167 feet on the highway, as well as the 2.28 trespass, are parts of Tract “B”, the remainder of the 26 acres being in the quarter section to the south.
We will first address the issue of whether plaintiff has sustained her burden of proving record title “good against the world”, within the meaning of Pure Oil Company v. Skinner, 294 So.2d 797 (La.1974). In essence, that case holds that as against a defendant in possession, the plaintiff in a petitory action has the burden of proving record title by an unbroken chain from the United States Government down to the plaintiff, or, in the absence of such record title, proof of ownership by acquisitive prescription.
After carefully reviewing the record, we find that the plaintiff has proved record title “good against the world”. She has filed in the record a certified copy of each document in her chain of title beginning with the patent from the United States Government to Francis D. Knight, dated October 31, 1893, conveying the NW/4 of Section 22, T5N, R4W. The last conveyance in the chain of title is from Mac Duffy Hodges to the plaintiff, Margie Hodges Rimmer, dated August 8, 1975, conveying two tracts of land, Tract “A” containing 2 acres, as shown by the above portion of the Wise survey, and Tract “B” containing 26 acres including the 2.28 acres shown as “Trespass ¶ 2” on the Wise survey.
The defect in plaintiff’s chain of title urged by the defendant and found by the trial judge arises out of the following transactions. By a deed dated August 28, 1928, William M. Glass and Eugene Glass conveyed to John N. Jowers one acre “in the southeast corner of the west portion of the NE/4 of the NW/4 of said Section 22.” Then in a deed dated July 17,1930, Eugene W. Glass sold to William M. Glass a 15.11 acre tract situated in the southeast comer of the W/2 of the NE/4 of the NW/4 of said Section 22 “less one acre of land in the southeast corner of said tract sold to J. N. *40 Jowers.” Then by deed dated June 4, 1931, William M. Glass sold to Mac Duffy Hodges a tract described as “That part of the W/2 of the NE/4 of the NW/4, Section 22, T5N, R4W, Louisiana Meridian, Southwestern Land District, Rapides Parish, Louisiana, lying South of the Alexandria-Leesville State Highway as presently located, less one acre in a square shape in the southeast corner of the W/2 of NE/4 of NW/4;”. As stated above, by deed dated August 8,1975, Mac Duffy Hodges sold to his daughter, Margie Hodges Rimmer, all of the property which he owned in the W/2 of the NE/4 of the NW/4 of Section 22, including the 2.28 acres shown as “Trespass ¶2” on Wise’s survey set out above. It is noted that in Wise’s survey the one acre in a square in the southeast comer of the W/2 of the NE/4 of the NW/4 of Section 22 is not included in the property sold to the plaintiff, and she is not claiming this one acre.
The alleged basis for the defect in plaintiff’s chain of title arises out of a tax sale dated October 21,1937, whereby the sheriff sold, for taxes assessed in the name of William M. Glass for the year 1936, property described in the tax deed as “One acre in southeast corner of W/2 of NE/4 of NW/4, Section 22, T5N, R4W”. The purchasers at the tax sale were Edward L. Jowers and John Jowers. Then by deed dated May 3, 1947, Edward L. Jowers and John N. Jow-ers sold to the defendant, Sammie E. Jow-ers, property described as “One acre square in the southeast corner of the W/2 of the NE/4 of NW/4 of Section 22, T5N, R4W of Rapides Parish, Louisiana; and being the same property acquired by these vendors by tax sale from William M. Glass.”
From a mere reading of the descriptions in the 1937 tax sale and in the 1947 sale to Sammie Jowers, it is apparent that the property to which the defendant, Sammie E. Jowers, has record title is one square acre in the southeast corner of the W/2 of the NE/4 of the NW/4 of said Section 22. This is the same one acre excepted from the sale by which plaintiff, Margie Rimmer, acquired her property from her father, Mac Duffy Hodges. Plaintiff makes no claim to this one acre in the southeast corner.
Nevertheless, defendant contends, and the trial judge held, that the one square acre in the southeast corner, excepted from the sale from Eugene Glass to William Glass in 1930, from the sale from William Glass to Mac Duffy Hodges in 1931, and from the sale from Mac Duffy Hodges to Margie Rimmer in 1975, is not the same one acre as that acquired by Edward L. Jowers and John N. Jowers by tax sale in 1937 and conveyed by them to Sammie Jowers in 1947. The trial judge reasoned that the survey by Mr. Wise cannot be accepted because Section 22 contains an excess of acreage, which results in discrepancies in surveys in the area. The trial judge gave weight to a survey by C. L. Besson, Jr., of date May 6,1976, which is based on a previous survey by H. J. Daigre made in 1926. The Besson survey does not attempt to allocate the excess acreage in Section 22 to the quarter sections, nor to fix the line between the W/2 and the E/2 of the NE/4 of the NW/4. Instead, the Besson survey merely locates two acres of land originally purchased by defendant’s father, John N. Jow-ers, from Walker Knight on October 1, 1921, described as two acres in the NE/4 of the NW/4 of said Section 22. After locating the corners of this two acres established by Daigre in 1926, Mr. Besson then simply located two one-acre tracts on the west, according to instructions given to him by the defendant Jowers. The pertinent portion of Besson’s plat is reproduced below:

*41

We cannot agree with the trial judge that Mr. Wise’s survey must be disregarded. Wise’s survey is the only one in evidence which starts from a quarter section corner of Section 22. Besson’s survey, based on Daigre’s 1926 survey, attempts only to make the property lines conform with the deeds to the properties. Furthermore, Wise’s survey and Besson’s survey conform, insofar as plaintiff’s record title is concerned. On Besson’s plat, the two-acre tract is the two acres located in the NE/4 of the NW/4 of Section 22 acquired by defendant’s father, John N. Jowers, in 1921. And the southernmost of the one acre tracts is the one acre acquired by John N. Jowers from Glass in 1928, described as being in the southeast comer of the W/2 of the NE/4 of the NW/4 of said Section 22. All of the witnesses testified the one acre tract purchased by John Jowers in 1928, adjoined on the west the two acres he had purchased in 1921, and both the Wise and Besson plats show the tracts adjoining in this manner. Thus, the two plats conform almost exactly.
We fail to see how an argument can be made that discrepancies in the surveys show that two different tracts of one acre were acquired by Edward L. Jowers and John N. Jowers, and then later conveyed to the defendant, Sammie Jowers, in 1947. Edward L. Jowers and John N. Jowers owned only one tract of one-acre, and it was located in the southeast corner of the W/2 of the NE/4 of the NW/4 of said Section 22. All of the deeds, the survey by Mr. Wise, and even the survey by Mr. Besson confirm this.
The descriptions in the documents in plaintiff’s chain of title show she has a perfect record title to the 2.28 acres in dispute. The survey by Wise confirms the location of the 2.28 acres on the ground, with reference to what he says is the recognized southwest corner of the W/2 of the NE/4 of the NW/4 of Section 22. Besson’s plat does not contradict this. Neither the *42 defendant nor the trial judge have pointed to any other defect in plaintiff’s record title, than that discussed above. We conclude that the plaintiff, Margie Rimmer, has a record title “good against the world” to the 2.28 acres she claims in these proceedings.
We will next address the question of whether the defendant has proved ownership of the 2.28 acres by the acquisitive prescription of either 10 or 30 years. As to the acquisitive prescription of 10 years, we find, as set out above, that the defendant has no record title to any portion of the 2.28 acres. Both the 1937 tax sale to Edward L. Jowers and John J. Jowers, and the 1948 deed from these two to the defendant, Sammie Jowers, describe one acre in the southeast corner of the W/2 of the NE/4 of the NW/4 of said Section 22. Defendant has no record title to the one-acre tract shown on Besson’s plat as fronting on Highway ¶ 8. Therefore, defendant cannot claim ownership by 10 years acquisitive prescription, a necessary requirement of which is title. LSA-C.C. Article 3479.
As to defendant’s claim of ownership by the acquisitive prescription of 30 years, the evidence is in great conflict. The defendant and several of his relatives and neighbors testified by referring to a sketch which was drawn on a blackboard used during the trial. At the conclusion of the trial, it was stipulated by counsel that a sketch of the drawing on the blackboard would be filed in the record, but this was not done. Nevertheless, counsel state in their briefs that the sketch which was on the blackboard is similar to the reproduced portion of the Besson plat. We will use Besson’s plat in discussing the testimony of the witnesses as to 30 years acquisitive prescription.
Defendant’s witnesses testified that “Lot 1” (see Besson’s plat) is the two acres acquired by defendant’s father, John N. Jow-ers, in 1921, and on which Mr. Jowers built his home. Lot 2 is the adjoining one-acre lot purchased by John N. Jowers from Eugene Glass in 1928. John Jowers built a barn on Lot 2. These witnesses testified further that after John N. Jowers bought Lot 3 at a tax sale in 1937, he built a fence all around the west side, the north side next to the road and the east side, back to the fence on the two-acre tract. They said that Mr. John Jowers used Lot 3 as a pasture for his calves and his cows. The testimony is that John Jowers milked six or eight cows every day and that when the cows would come in from the open range to the barn, located on Lot 2, he would separate the calves and put them in the fenced pasture on Lot 3.
Defendant and his witnesses stated that after defendant bought Lot 3 from his father in 1947, he built a house on it and repaired or rebuilt in the same location the fences which had been erected by his father around Lot 3 in 1938, and that these fences are in the same location today. If all of this testimony is true, then the defendant’s possession, tacked to that of his father, which began in 1938, is sufficient for 30 years acquisitive prescription under LSA-C.C. Article 3499.
However, the testimony of plaintiff and her witnesses is in direct conflict with that of the defendant and his witnesses. Plaintiff, her sister, her aunt and her father testified that they lived on the property adjoining the property of John N. Jowers on the west. They testified positively that there were no fences around Lot 3 until the defendant, Sammie Jowers, built his house on Lot 3 in 1947. They stated that before 1947 the area between Mr. John Jowers’ barn and the highway was open, and that people who lived in the community walked freely across it on a trail, that as small children they played ball in an open area between the barn and the road, and that cattle from the open range roamed freely there. Plaintiff’s witnesses say that after Sammie Jowers built his home on Lot 3 near the road in 1947, he built a fence around the house and also a fence around his garden, but that he moved the fence around his garden several times. This moving of defendant’s garden fence farther to the west on one occasion was the subject of some dispute with plaintiff’s father, Mac Duffy Hodges.
*43 We note also that the fence shown on Wise’s plat on the west side of the 2.28 acres in dispute is not along the west side of the one-square acre in the southeast corner of the W/2 of the NE/4 of the NW/4 of said Section 22, which is the one-acre originally purchased by Mr. John N. Jowers in 1928 and on which Mr. Jowers built his barn. No fences are shown on Besson’s plat. This raises questions as to the location of any fences built by defendant or his father, and as to how long any such fences have been in existence.
In view of the great conflict in the evidence in the record on the factual issues of the possession and the enclosures relative to 30 years acquisitive prescription, we conclude this case should be remanded to the district court for a final decision. The trial judge is in a much better position than we to decide these factual matters. Furthermore we will leave it to the trial judge’s discretion to either decide the case on the basis of the evidence which is already in the record or to allow the reopening of the case for additional testimony and evidence on the factual issues relating to acquisitive prescription of 30 years.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that this case be remanded to the district court with instructions that plaintiff’s record title, “good against the world”, be recognized as to the 2.28 acres, but that defendant’s defense and his reconventional demand, based on the acquisitive prescription of 30 years, be decided by the trial judge on the basis of the evidence which is already in the record or on the basis of this, together with any additional evidence which the trial judge, in his discretion, deems necessary. All costs of this appeal are assessed against the defendant-appellee. The assessment of costs in the trial court must await a final judgment there.
REVERSED AND REMANDED.