DOUCET, Judge.
This is a petitory action. Plaintiff, Margie Rimmer, filed suit on December 16, 1975, claiming ownership by record title of 2.28 acres in the possession of defendant, Sammie Jowers. Defendant filed an answer denying plaintiff’s record title and a reconventional demand alleging ownership by acquisitive prescription of 30 years. Following a trial, the trial judge finding that plaintiff had failed to prove title “good against the world”, as required in a petitory action against a defendant in possession, dismissed plaintiff’s suit. Judgment was not rendered on defendant’s reconventional demand. On appeal to this court, we held that plaintiff had proved record title “good against the world” and remanded the case to the trial court for a determination of whether defendant had acquired the disputed tract by 30 years acquisitive prescription. Rimmer v. Jowers, 367 So.2d 37 (La.App. 3rd Cir. 1978), writ denied, 369 So.2d 156 (La.1979).
On remand, the trial judge held that defendant had acquired the disputed tract by 30 years acquisitive prescription and rendered judgment in his favor. Plaintiff appeals, arguing that the trial judge erred in accepting defendant’s plea of prescription.
When this matter was before us earlier, we noted that the evidence pertaining to the issue of prescription was in great conflict. The testimony of plaintiff and her witnesses was directly opposed to that of defendant and his witnesses. We remanded so that the trial judge, who is in a better position to assess the credibility of witnesses, could determine which version was the correct one. He found that defendant’s was, and we find no error in that ruling.
Briefly stated, the facts found by the trial judge are that in 1937 the disputed property was enclosed by defendant’s father, John Jowers. It was enclosed with adjoining property, which had been purchased by John Jowers and Edward Jowers in a 1936 tax sale. Defendant’s father used the enclosed area as a calf pasture until 1947, when he sold his property to defendant. The act of sale did not describe the disputed tract. However, defendant, believing that he had acquired title to it through the sale, built a residence on it. The property, including the disputed tract, has remained fenced as originally enclosed in 1937. Since 1947, defendant has resided on the enclosed property and has continually cultivated a portion of it.
Generally, thirty-year acquisitive prescription is governed by LSA-C.C. Arts. 3499 and 3500, which read as follows:
Article 3499:
“The ownership of immovables is prescribed for by thirty years without any need of title or possession in good faith.”
Article 3500:
“The possession on which this prescription is founded must be continuous and unin *1263 terrupted during all the time; it must be public and unequivocal, and under the title of owner.”
Defendant’s possession since 1947 was clearly of the type required. However, at the time that this petitory action was brought he had possessed the property for only 28 years. His possession alone does not satisfy the requirement of possession for thirty years under LSA-C.C. Article 3499.
However, LSA-C.C. Art. 852 provides: “Whether the titles, exhibited by the parties, whose land are to be limited, consist of primitive concessions or other acts by which property may be transferred, if it be proved that the person whose title is of the latest date, or those under whom he holds, have enjoyed, in good or bad faith, uninterrupted possession during thirty years, of any quantity of land beyond that mentioned in his title, he will be permitted to retain it, and his neighbor, though he have a more ancient title, will only have a right to the excess; for if one can not prescribe against his own title, he can prescribe beyond his title or for more than it calls for, provided it be by thirty years possession.”
See State, Dept. of Highway v. Kilchrist, 225 So.2d 25 (La.App. 3rd Cir. 1969).
Here, defendant’s authors in title used the disputed tract of land as a calf pasture for 10 years prior to the 1947 sale to defendant. The use of the property as a calf pasture was public, continuous and uninterrupted, and adverse to the record owners. Defendant is entitled to tack the possession of his author in title to his own, giving him a total of 38 years. He has, therefore, proven his title by 30 years acquisitive prescription under LSA-C.C. Article 852.
For the above and foregoing reasons, the judgment appealed by plaintiff is affirmed. All costs of this appeal are assessed against plaintiff.

AFFIRMED.